

UNITED STATES DISTRICT COURT

SOURTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

OZAN WILLIAMS, 13A5036

      Plaintiff

                                              **MEMORANDUM OF LAW**

      v.

DELTA BAROMETRE, SUPERINTENDENT

NEW YORK STATE DEPARTMENT OF

CORRECTION AND COMMUNITY

SUPERVISION.

      Defendant(s).

-----------------------------------------------------------X

### PLAINTIFF'S MEMORANDUM OF LAW

      Plaintiff Ozan Williams, respectfully submits this Memorandum of Law, to provide Support for the requested intervention.

### PRELIMINARY STATEMENT

      The plaintiff Ozan Williams has been denied the assistance of the medical department on an ongoing basis. This has been documented, since the initial head injury of August 27, 2008. As an injured party the plaintiff has addressed all holding venues (facilities) on some level

for help. The enclosed exhibits provide an outline of the responses and continued delay in action, as the Plaintiff's hearing becomes more prominently irreparable. These exhibits start from the actual injury of 2008 to the present of 2020. These injuries are long changing injuries, which can only be catered to and they are life long. There is no curing or operation that will result in the restoration of hearing loss to its initial status. The plaintiff has been seeking addressment and appointment of specialist, a sufficiently educated audiologist and frequent medical examinations. The results of the non-addressment has been continued deceleration of the capacity to hear. The space in treatment of a rapidly deteriorating ear drum has caused an elevating audiologist testing and ear hearing aids boost.

STATEMENT OF FACTS

The plaintiff's ear injury has been as an ongoing continued medical irreparable burden. The Prison staff non-addressment and procrastination has wavered an immediate professional medical assessment for the plaintiff leading to the present circumstances: The Temporary Restraining Order will preserve the status quo until there is an opportunity to hold a hearing on the application for a preliminary injunction which may be issued with or without notice to the adverse party. The issuance of the Temporary Restraining Order in this emergency procedure is appropriate where this is in need of immediate relief.

On August 27. 2008 while admitted to the University Hospital, the emergency nursing record provides the medical status of the plaintiff (Cop Assaulted) with head, face, abdominal , and both wrists injuries. While admitted there were examinations, CT scan , a consent form signed, an emergency physician record made identifying facial injuries lacerations through a drawn diagram, confirming a written statement stating (assaulted by cops). The emergency record physician order sheet of August 27, 2008 list the medications provided such as Acetamionphen, 1000 mg PO x1, and Tenanus and Diphitheria Toxoid 0.5 mi. There was a report made of a head assault and multiple contiguous axial images were obtained from the base of the skull to the vertex. There was an Audiogram made with the results 7/30/12. Of and about December 24, 2013 a notice of addressment for hearing aids was receipt confirmed, and forwarded to an additional party. August 26, 2013 the OTOhealth Hearing Aid Cen sent the hearing aids then sought permission on behalf of the plaintiff to keep his hearing aids in his possession at all time. April 2, 2015 The grievance filed was based upon the hearing aids misfunction and responded to by the grievance committee. April 15, 2015 the plaintiff went as far as to offer help to the hearing officer at a disciplinary hearing, the misbehavior report was because of the plaintiff inability to hear the given order and sanctioned because of it. The

hearing officer was suppose to take into consideration, this physical handicap, and not only

based upon an announcement by the block officer, without the aid of the hearing officer, the announcement was irrelevant. May 13, 2020 the plaintiff received a notice from the Deputy Commissioner on the proper steps to execute a grievance and disregarding the misbehavior report issued because of the hearing disability and thereby disregarding his non-fault disability. May 4, 2020 the plaintiff received an additional notice of his request to remove the history of a misbehavior report findings from his record, based upon a hearing inability and the hearing aids being faulty.

supply a hearing and/or sign language person to interpret but review the plaintiff's background
before the addressment of the hearing disposition to determine the status of his hearing ability.
May 2, 2016 a grievance determination was issued of a hearing investigation and the plaintiff
being at fault, and scheduled for a follow up "in the near future".May 10 ,2016 a grievance
appeal was returned to plaintiff as nongrievible . Upon non-compliance of the State the plaintiff
December 5,2016  grievance was issued, the results being the notice of  a waiting list for his
hearing aids, because they were not repaired yet. December 19, 2016 the facility medical staff
refused to have the hearing aids repaired, which effects the plaintiff's ability to hear and follow
orders of staff.  November 3, 2016 The prior month  a misbehavior report was written this
disciplinary action was taken solely because of the plaintiff inability to properly hear, so the
refusal of a direct order being followed, was really the inability to hear the order given, and then
followed. March 4, 2016  the Regional Health Services Administrator provided a notice of an
investigation without medical confirmation of the plaintiff's medical status. March 17, 2017 the
plaintiff receives a copy of the letter from the Legal Aid Society  written in his behalf for the
broken hearing aids of months gone by and there was a given copy of the Clarkson v. Coughlin
case a precedent setting case in the Southern District, which set the rights of the hearing
impaired .January 18,2017 a hearing notice was provided to plaintiff from Albany Central Office
for new hearing aids. October 20, 2018 a misbehavior report was written based upon the plaintiff
malfunctioning hearing aids and the misinterpreted permission given to be in the law library, this
was taken as a false statement by the plaintiff, when he never heard correctly. April 3, 2018 the
plaintiff addressed his appellate attorney and the false advocacy of the defense, when the
plaintiff was deaf and unaware of the  trial procedure in its entirety. March 3, 2017 the plaintiff
grievance of "Needs Hearing Aids Fixed" was provided  as notice received in Albany. March 19,
2014  COMPAS report states of all ambitious endeavors to get new hearing aids, batteries and
Medicaid for new hearing aids. March 2, 2019 an identical report was written by the same officer
describing the same issue (Count), and there was no change in the officer's understanding of the
plaintiff's medical handicap and disability. September 20, 2019 a misbehavior report was written

ARGUMENT

Upon submittance of the enclosed information and it's specific facts this constitutes an immediate and irreparable injury, loss, and/or damage that has and will continue to result in deterioration medically to the movant before the adverse party can be heard in opposition thereby the plaintiff seeks an immediate injunction. See Fed.R.Civ.P.65(b).

The plaintiff is requesting an Order to Prison Officials for action to improve his medical condition of confinement based upon medical standing. Thereby the plaintiff is seeking an injunction/equitable relief.

1. The substantiated facts are immediate and medically noted, and there is constant irreparable injury acceleration without an injunction order of treatment. Which without doubt is necessary, (see medical assessment of enclosed exhibits). The holding in the case of Basank v. Decker 449 F.Supp.3d 205 (SDNY 2020) the Basank holding was based on the standard of health of the petitioners requesting. As here the petitioner has established his present status and the ongoing evasive inaction of the medical staff. This places the petitioner in harms way of no action of his own.

2. Of the sought required immediate medical attention and constant monitoring. Therewithout the injury doesn't heal itself, it continues to regress into a state of irreparable deterioration.

3. The plaintiff has been addressing the Prison Officials staff and there has been avoiding and procrastinating as the plaintiff condition gradually declines(see table of exhibits enclosed)

This case and its addressment for resolution is not a remedy of law circumstances such as monetary damages which would be inadequate to meet the immediate injury requirement.

There is a 99% chance the injury incurred will continuously deteriorate and digress, this is foreseeable without treatment.

4. The injuries are ongoing due to the pattern and customs of the Prison Officials. They

have procrastinated ,denied, and/or ignored the plaintiff, which is indifference. The plaintiff has provided for this court review exhibits substantiating the ongoing procrastination as the plaintiff hearing continuously digress.

5. The injury is substantial and irreparable there is no possibility of reinstating to the original condition before the injury. The specification of damages are readily.

6. The Temporary Restraining Order  is the only way to immediately address and medically correct and prevent further damage as the digress continues.

7. These mentioned medical violative acts of the Prison Officials has caused future damage to the ability to hear correctly. The plaintiff relief  in this prison situation is necessary to correct the violation of the civil rights of the plaintiff. See 18 USCA§ 3626(a)(1)

8. The plaintiff has clearly shown that immediate and irreparable injury damage/loss will result to this movant before the concluding of this court case, thereby the plaintiff seeks a Temporary Restraining Order. Pursuant to: Fed.R.Civ.P.65(b)(1).

CONCLUSION

The case is an exceptional and urgent situation. The granting before a hearing is urged, because of the ongoing immediate and irreparable injury loss and damage if a future hearing is commenced. This civil action with respect to prison conditions need extend no further, and to correct the harm would be least intrusive. See 18 USCA§ 3626(2)

Respectfully Submitted

OZAN WILLIAMS

**28 USC§1746**

**DECLARATION UNSWORN UNDER PENALTY OF PERJURY**

Whenever, under any law of the United States or under any rules, regulation, order or requirement made pursuant to law matter is required or permitted to be supported, evidence established, or proved by the sworn declaration, verification, certificate, statement, oath or affidavit in writing of the person making the same, other than a disposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public, such matter May, with like force and affect, be supported, evidence, established, or proved by the sworn declaration, certificate penalty of perjury and dated in substantially be following form:

I have served the enclosed papers to the following parties:

Preliminary Injunction/Temporary Restraining Order

Memorandum of law

Statement of Facts

Argument

Conclusion

Authorization

Declaration in Support of Request to Proceed Informa Pauperis

Request to Proceed Informa Pauperis

Declaration

Executed On

OZAN WILLIAMS

# EXHIBITS

On numerous occasions the plaintiff was either denied, lead to believe, and/or there was intentional procrastination (on behalf of the State) to proceed with hearing aid addressment.

The following listing, is an itemize list of occurrences  enclosed are the exhibits of specification:

| | |
|---|---|
| August 27, 2008 | Emergency Nursing Record(Trauma) |
| | CT Scan Assessment Form (Head injuries) |
| | Emergency Department Consent |
| | Emergency Physician Record (Head and Face injuries) |
| | Action Form (Police Assault |
| | Emergency Department Record (Ct Head) |
| | Clinical History (Head injuries post assault) |
| | Exit care patience information sheet |
| | Audiogram (Hearing level in decibels) |
| December 24, 2013 | Hearing Aids request |
| August 26, 2013 | OTO Health Hearing Center (Hearing Aids delivery) |
| April 2, 2015 | Grievance determination(Issue forwarded) |
| April 28, 2015 | Disciplinary hearing(Because of lack of hearing orders given) |
| December 19, 2016 | The Legal Aid Society(Hearing aid repair addressment) |
| November 3, 2016 | Disciplinary report (Because of lack of hearing order) |
| March 4, 2016 | Prison Officials failure to address medical need. |
| March 13, 2017 | The Legal Aid Society (Damaged hearing aids, not repaired) |
| January 27, 2017 | Grievance filed (Hearing aids repaired-failure) |
| May 10, 2016 | Appeal addressment of grievance |
| May 2, 2016 | Grievance issue –(Hearing aids) |
| September 7, 2017 | Grievance issue-(Hearing Aids) |

| | |
|---|---|
| January 16, 2018 | Grievance issue-(Hearing Aids) |
| October 20, 2018 | Misbehavior report (Lack of hearing -disciplinary sanctions) |
| April 3, 2018 | Attorney letter of hearing aid disability during trial |
| April 10, 2018 | Case Plan readout(Goal  batteries and hearing aid) |
| March 2, 2019 | Disciplinary report (Based on inability to hear) |
| June 4, 2019 | Disciplinary report (Based on inability to hear) |
| May 13, 2020 | Deputy Commissioner(Appeal disciplinary hearing-Hearing Aid issue) |
| May 4, 2020 | Disciplinary hearing (Action taken, based upon hearing inability). |

06-05-20;03:32PM;                                                    ;342              # 3/ 14

©2001-2006 T-System, Inc  Circle or check affirmatives, backslash (\) negatives

06

**UNIVERSITY HOSPITAL**
NORTH SHORE-LIJ HEALTH SYSTEM

**EMERGENCY NURSING RECORD**
**Multiple Trauma (Notification)**

WILLIAMS, OZAN                    028Y
MR# 000622207    DOB: 1/16/1980
NO PRIVATE PHYSICIAN    Adm: 8/27/08
Acct# 011064241    (000) 000-0000

Acct#
011064241

DATE  8/27
TRIGE TIME  1114    I  E  (U)  N
☐ ED  ☑UCC  ☐ CEC

NAME: Williams, Ozan
D.O.B.: 1/16/80    AGE: ____  M / F
HISTORIAN: patient  paramedic  family
ARRIVAL MODE: car  EMS  (police)  pt under arrest
  facility notifies PTA ____
PCP: (none)
^IMMUNIZATIONS: (current) / referral ____
tetanus ____ no ____ pneumovax ____
TREATMENT PTA  see EMS report  IV  O₂  c-collar  backboard
fast blood glucose

VITALS
BP 144/90  P (12)  RR 20  temp 97.1  TM ⓞ R Ax
SaO₂  97%  (RA) O₂  GCS 15

PAIN LEVEL current 4 /10  max ____/10  acceptable ____/10
scale used ____  quality ____

CHIEF COMPLAINT  Pt states she was assaulted
occurred  just PTA  (6) hrs / days ago  Yesterday @ 8PM
lost consciousness  ○  ambulatory at scene

INJURIES / PAIN          R          L
(head)  neck  shldr  hip  shldr  hip
(face)  back  arm  thigh  arm  thigh
nose  chest  elbow  knee  elbow  knee
mouth  (abdomen)  f-arm  leg  f-arm  leg
coccyx  ____  (wrist)  ankle  (wrist)  ankle
____  hand  foot  hand  foot
____  fingers  toes  fingers  toes

MECHANISM
fall ____  GSW / stab wound ____
hit by car ____  burn ____
motorcycle / bicycle / ATV ____

SAFETY
none  helmet  safety glasses

ALLERGIES  NKDA  ilea meat
drug - PCN / ASA / sulfa / latex / codeine / iodine
food ____

MEDS  none  see med list

PAST MEDICAL HX  negative  asthma
heart disease / HTN / diabetes: insulin
past surgeries  none

SOCIAL HX
smoker ____ ppd  drugs (alcohol)
^TB exposure / symptoms ____
^has been physically hurt or threatened by someone close ☑
^recent travel outside the US ____
^risk to fall ____

LNMP ____ P ____ Ab ____ pregnant / postmenop /hyst

RN Signature  Melissa Kotwilza, RN

---

TIME TO ROOM: 1130    ROOM: Pt in UCC
INITIAL ASSESSMENT  TIME: 1130

GENERAL APPEARANCE
☑ no acute distress  __ c-collar / back board in place
☑ alert  __ mild / moderate / severe distress
  __ anxious / decreased LOC

^FUNCTIONAL / NUTRITIONAL ASSESSMENT
☑ independent ADL  __ assisted / total care
☑ appears well  __ obese / malnourished
  __ nourished / hydrated  __ recent weight loss / gain
CHEST  __ laceration / abrasion / swelling
☑ no evidence of trauma  __ tenderness
☑ non-tender  __ wheezing / crackles / stridor
☑ breath sounds nml  __ seat belt marks
  __ deformity

CVS  __ tachycardia / bradycardia
__ regular rate  __ pulse deficit
☑ pulses strong & equal  __ pale / cyanotic
☑ skin warm, dry  __ cool / diaphoretic
NEURO  __ disoriented to person / place / time
☑ oriented x 3  __ confused / memory loss
☑ PERRL  __ pupils unequal  L  R
  __ weakness / sensory loss
HEAD / FACE  __ laceration / abrasion / swelling
☑ no evidence of trauma  __ periorbital swelling / hematoma
to head / eye / ear / face  __ ecchymosis  nose
  __ dental injury / malocclusion
NECK / BACK  __ laceration / abrasion / swelling
☑ no evidence of trauma  __ tenderness
☑ non-tender
ABDOMEN  __ laceration / abrasion / swelling
☑ no evidence of trauma  __ tenderness
☑ soft, non-tender  __ rigid / distended
PELVIS / GU  __ laceration / abrasion / swelling
☑ no evidence of trauma  __ pelvis unstable
☑ pelvis stable  __ tenderness
  __ blood at urethral meatus
EXTREMITIES  __ laceration / abrasion / swelling
☑ no evidence of trauma  __ tenderness  B/L wrist
__ non-tender  __ deformity
☑ sensation intact  __ sensory / motor deficit
☑ motor intact
ADDITIONAL FINDINGS
Pt has story around

INITIAL ACTIONS
TIME                                  INIT
1130 ☑ ID band applied  ☑ ID band verified  ☑
☑ c-collar  __ back board
__ disrobed / gowned  __ blanket provided
☑ ice pack  __ elevation / immobilization
__ bandage applied  __ wet to dry dressing
☑ bed low position  ☑ side rails up x 2
__ call light in reach  __ head of bed elevated

Nurse Signature  J Juranka
^ protocol available

---

# STATEN ISLAND UNIVERSITY HOSPITAL

## C.T. SCAN ASSESSMENT FORM

**Patient Name:** WILLIAMS, OZAN    028Y
MR# 000622207   DOB: 1/16/1980
NO PRIVATE PHYSICIAN   Adm: 8/27/06
Acc# 011064241   (000) 000-0000

**Type of Study** ‖‖‖‖‖‖‖‖‖‖‖‖‖   Acc#   _Head CT_
011064241

**Symptoms:** (Rule out is NOT acceptable) _____

_Head inj____

## NON-CONTRAST ✓

**Pregnancy Result:**   Positive _____   Negative _____   N/A ✓

## WITH I.V. CONTRAST _____ WITH ORAL CONTRAST _____

**Pregnancy Result:**   Positive _____   Negative _____   N/A _____

**Allergies:** _____

If Yes has prep been ordered/given: _____

**Asthma:**   Yes _____   No _____

If Yes has prep been ordered/given: _____

**Working I.V.**   Yes ____   No ____ (Must be 18 gauge for PE study)
**Signed Consent**   Yes ____   No ____
**Has Patient Been NPO** Yes ____   No ____

**BUN** _____   **CREAT** _____   **GFR** _____

MD, PA
Print _Filmana Seth_ Signature _____





KINGSBROOK
**UNIVERSITY
HOSPITAL**
475 Seaview Avenue
Staten Island, NY 10305-3498

WILLIAMS, OZAN
MR# 000622207    DOB: 1/16/1980     028Y
NO PRIVATE PHYSICIAN    Adm: 8/27/08
Acct# 011064241    (000) 000-0000

Acct#
011064241

## EMERGENCY DEPARTMENT
## CONSENTS AND AGREEMENTS

### EMERGENCY DEPARTMENT/ADMISSION CONSENTS AND AGREEMENTS

1. **CONSENT TO ADMISSION AND TREATMENT:** I agree and consent to emergency treatment and/or admission to Staten Island University Hospital and to any x-ray examinations, laboratory procedures, medical treatment or hospital services rendered the patient under the general and specific instructions of his/her physician. No warranty or guarantee has been made as to result or cure.

2. **PERSONAL VALUABLES:** I am aware that Staten Island University Hospital maintains a safe, for the safekeeping of valuables and money, during the patient's hospital stay, and that Staten Island University Hospital shall not be liable for the loss or damage to any money, articles of unusual value, or any other personal property of the patient, unless deposited in the hospital safe.

3. **RELEASE OF INFORMATION:** I permit Staten Island University Hospital to disclose all or any part of the patient's medical record to any person, corporation or agency when required for the collection of benefits or payment of hospital charges.

4. **ASSIGNMENT OF BENEFITS:** I assign to Staten Island University Hospital all benefits from corporations, agencies and persons for this hospitalization. Additionally, I authorize payments of these benefits directly to Staten Island University Hospital.

5. **MEDICARE BENEFITS:** I certify that the information given by me in applying for payment under Title XVIII of the Social Security Act is correct. I authorize any holder of medical or other information about me to release to the Social Security Administration and Health Care Financing Administration or its intermediaries or carriers any information needed for this or a related Medicare claim. I request that payment of authorized benefits be made on my behalf.

6. **MEDICARE LIFE DAYS:** I hereby give Staten Island University Hospital permission to bill my life days allowed under the Medicare health insurance regulations.

7. **RESPONSIBLE FOR HOSPITAL CHARGES:** For and in consideration of services rendered to the patient by Staten Island University Hospital, I do hereby agree to make prompt payment, when billed for all hospital charges not covered by valid insurance benefits.

8. **I UNDERSTAND THAT STATEN ISLAND UNIVERSITY HOSPITAL WILL NOT DENY TREATMENT BASED ON THE ABILITY TO PAY OR SOURCE OF PAYMENT.**

I HAVE READ THIS AGREEMENT, IT HAS BEEN FULLY EXPLAINED TO ME, AND I UNDERSTAND THE CONTENTS AND THE RESPONSIBILITIES TO WHICH I AM AGREEING. The undersigned is the patient or is duly authorized by the patient to act on the patient's behalf and accept the above terms.

Date: ___8·27·08___    Patient: _____

                                                              (Signature)

IF PATIENT IS A MINOR OR INCOMPETENT OR UNABLE TO SIGN:

Signature of Other Person Responsible: _____

Give Reason: _____ Relationship: _____

                                Witness: _____

### LEAVING AGAINST ADVICE OF PHYSICIAN

_____ is (leaving) (being removed from) this Hospital against the advice of the physician in charge. I acknowledge that I have been fully informed of the risks and hazards involved in leaving this institution at this time and I assume all such risks and hazards for myself and/or the indicated patient.

_____        _____
Witness                          Patient or Legal Representative

_____        _____
Date                             Relationship

### TELEPHONE PERMISSION FOR TREATMENT AND/OR PROCEDURE

_____ M.D., R.N.   DATE _____ TIME _____
(making call)

_____
(person called)   (Tel. No.)            (Address)

Permission Given _____

Call Witnessed By _____ (yes/no) _____ (Remarks)

_____        _____
(name, title, etc.)              (signature title)

_____        _____
(name, title, etc.)              (signature title)

Patient Name: _____   MR#: _____   ACCT.#: _____

80538 (10/04) - chart form

© 1996 - 2008 T-System, Inc. Circle or check affirmatives, backslash (\) negatives.

WILLIAMS, OZAN                    028Y
MR# 000622207   DOB: 1/16/1980
NO PRIVATE PHYSICIAN    Adm: 8/27/08
Acct# 011064241        (000) 000-0000

Acct#
011064241

**UNIVERSITY HOSPITAL**
NORTH SHORE-LIJ HEALTH SYSTEM

# EMERGENCY PHYSICIAN RECORD
## Assault by History

DATE: 8/27/08  TIME: 1130  □ on arrival ROOM: 7  ___ EMS Arrival

HISTORIAN: patient  spouse  paramedics _____

AGE  28  Ⓜ F  RACE ___

HX / __ EXAM LIMITED BY: _____

ADDITIONAL HX OBTAINED FROM: transfer papers / family / EMS /
no historians available / other _____

## HPI

chief complaint: injury to head, b/l wri st
face

duration:
just prior to arrival
today  yesterday
___ min hrs / days ago

where:
home  school  neighbor's
park  work  street
Robert

context: fists  kicked  choked  bitten
pushed / thrown  pushed / thrown against wall
reported spousal abuse  struck with object(s): walki talky
assaulted by cops as pe patient

severity: mild  moderate  severe  (1/10)

associated symptoms:
lost consciousness / dazed  seizure  weakness / numbness
duration _____  remembers  injury  coming to hospital

location:
head & face  mouth
neck  chest  abdomen
back  upper  mid  lower
radiating to R / L thigh / leg

right:
shldr  hip
arm  thigh
elbow  knee
f-arm  leg
wrist  ankle
hand  foot

left:
shldr  hip
arm  thigh
elbow  knee
f-arm  leg
wrist  ankle
hand  foot

## ROS

dizziness _____
recent illness _____
fever / chills _____
weakness _____
numbness _____
neck / back pain _____
shortness of breath _____
LNMP ___ preg  post-menop

problems urinating _____
nausea / vomiting _____
leg / ankle swelling _____
problems with vision _____
nasal drainage _____
rash _____
anxiety / depression _____
all systems neg (except as marked)
pt also states are
Nausea Albuterol  MDI gcq

• NEURO / MS components also addressed in HPI

## PAST HX

diabetes Type I  Type 2 ___  hepatitis / HIV _____
diet / oral / insulin _____
___ old records ordered / summary _____
asthma
Tetanus immun. UTD / given in ED _____
Meds: __ none / nurses note confirmed  aspirin  coumadin
clopidogrel

Allergies: __ NKDA / nurses note confirmed  Red meat

## SOCIAL HX  smoker  drugs - denies
alcohol (absent / heavy / occasional)  occupation _____

## FAMILY HX ___ negative

---

☑ Nursing Assessment Reviewed / ☑ Vitals Reviewed

## PHYSICAL EXAM  Tetanus given in ED

General Appearance __ c-collar / backboard ( PTA / in ED) _____
__ no acute distress  __ mild / moderate / severe distress
__ alert  __ anxious / lethargic / unconscious

HEAD  see diagram
__ no evidence of  __ raccoon eyes / Battle's sign
trauma  Soft tissue swelling

NECK  see diagram
__ non-tender  __ decreased / limited ROM
__ painless ROM  __ pain on movement of neck
__ trachea midline

__ Nexus criteria neg.  __ midline tenderness / distracting injury
__ altered mental status / recent ETOH
__ focal neuro deficit

EYES  __ unequal pupils  R ___ mm  L ___ mm
__ PERRL  __ EOM entrapment / palsy
__ EOMI  __ subconjunctival hemorrhage
__ L eye swelling

ENT  __ hemotympanum (periorbital)
__ nml ext. inspection  __ TM obscured by wax / tenderness
__ no dental / oral inj  __ dental injury / malocclusion
__ airway nml  __ L inner lip lac c tissue swelling

RESP / CVS  see diagram
__ chest non-tender  __ rib tenderness / palpable fracture
__ no ecchymosis  __ crepitus / subcutaneous emphysema
__ breath sounds nml  __ splinting / paradoxical movements
__ no resp. distress  __ decreased breath sounds
__ heart sounds nml  __ wheezes / rales / rhonchi
__ tachycardia / bradycardia

ABDOMEN  see diagram
__ non-tender  __ tenderness / guarding / rebound
__ no distention  __ mass _____

GENITAL / RECTAL  __ perineal hematoma _____
__ nml ext. inspection  __ blood at urethral meatus _____
__ nml rectal tone  __ decreased rectal tone _____
__ heme negative stool  __ vaginal bleeding _____
☑ QC acceptable

NEURO / PSYCH  __ disoriented to person / place / time
__ oriented x3  __ facial asymmetry
__ CN's nml as tested  __ unsteady / ataxic gait
__ sensation nml  __ sensory / motor deficit
__ motor nml  __ slurred speech
__ mood / affect nml  __ depressed mood / affect

71

---

06-05-20;03:32PM;                                                    ;9421                    #  4/ 14

## ACTIONS

| TIME | | | INIT |
|---|---|---|---|
| | set up suture tray | eye tray | |
| | cardiac monitor | | |
| | pulse oximeter | O₂     L via | |
| | Accu-Chek | | |
| 1230 | ready for Dr eval. | notified doctor / seen by Dr | Ra |
| | restraints  see documentation | | |

## VITAL SIGNS

| TIME | BP | P | RR | T | SaO₂ | GCS | Pain | Pupils | INIT |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | /10 | | |
| | | | | | | | /10 | | |
| | | | | | | | /10 | | |
| | | | | | | | /10 | | |

## IV STARTS

| TIME | # | site | gauge | attempts | complications | INIT |
|---|---|---|---|---|---|---|
| | | | | | | |

**ADDITIONAL NOTES**

1230 - Pt received w/k
prior to/during Handcuffed.
Handcuffing not on
                    Jenni Ziccardi

## IV / MEDICATION INFUSION RECORD    ☐ Rapid Infuser

| Start Time | Solution / Med | IVPB | Rate ml / hr | Stop Time | Amount Infused | INIT |
|---|---|---|---|---|---|---|
| 1215 | Tetanus 0.5ml IM | | | | | JZ |
| | Response:  no change    improved | | | | | |
| | | | | | | |
| | Response:  no change    improved | | | | | |
| | | | | | | |
| | Response:  no change    improved | | | | | |

## MEDICATIONS

| TIME | Medication | Dose | Route | Site | INIT |
|---|---|---|---|---|---|
| | Td / TT | 0.5ml | IM | | |
| | lot #:        exp. date        manufac | | | | |
| | Response:  no change    improved | | | | |
| | Response:  no change    improved | | | | |
| | Response:  no change    improved | | | | |
| | Response:  no change    improved | | | | |

**INTAKE** ___                    **OUTPUT** ___
___ IV / saline lock discontinued;    Total Amt Infused ___
                                       Time ___   Initials ___

**PROPERTY TO:**
___ patient ___ family ___ security ___ safe ___ see patient belongings list

**DISPOSITION**
✓ discharged   home / police   nursing home   ME   funeral home
✓ verbal / written instructions / RX given to:  patient
✓ verbalized understanding
___ learning barriers addressed
___ accompanied by / driver ___

___ admitted / transferred to ___
___ report to ___                  time ___
___ transfer documentation completed
___ notified family / police / ME
___ left AMA / LWBS   signed AMA sheet   refused
___ physician notified of: ___

**Discharge Vitals**
BP 120/81  HR 71  RR 17  Temp 97⁶  SaO₂ 98
___ pain level at discharge ___ /10

## PROCEDURES

| TIME | | | INIT |
|---|---|---|---|
| | laceration repair  to | | |
| | assisted by: | | |
| | Foley        fr.        mL return | | |
| | foreign body removed     assisted by: | | |
| | assisted Dr     with dislocation / fx reduction | | |
| | shoulder   elbow   MTP   patella   hip | | |
| | splint / sling applied     arm   leg     short   long | | |
| | type: | | |
| | Pleura-Vac     chest tube location | | |
| | assessed post-procedure | | |
| | nml  color / sensation / movement | | |
| | labs / drawn sent     by ED tech / nurse / lab | | |
| | results back | | |
| | cleaned wound          applied abx ointment | | |
| | applied dressing / Band-Aid / elastic wrap | | |
| | soft collar | | |
| | crutch training w/ proper return demonstration | | |
| 1220 | to Xray   w/ monitor / nurse / O₂  tech | | JZ |
| | return to room | | |
| 1230 | to CT   w/ monitor / nurse / O₂  tech | | JZ |
| 1245 | return to room | | JZ |

**CONDITION**
___ unchanged  ✓ improved  ___ stable  ___ other
Depart Date 6/5/20   Depart Time 1320
Mode  walk  crutches  W/C  stretcher  ambulance

Discharge Nurse Signature _____

☐ Continuation Sheet

| SIGNATURE | INITIAL |
|---|---|
| Jenni Ziccardi RN | JZ |

Multiple Trauma (Notification) - 06

^ protocol available

06-05-20; 03:32PM;

WILLIAMS, OZAN                    028Y
MR# 000622207       DOB: 1/16/1980
NO PRIVATE PHYSICIAN    Adm: 8/27/08
Acct# 011064241        (000) 000-0000

Acct#
011064241

©2001-2006 T-System, Inc. Circle or check affirmatives, backslash (\) negatives.

**STATEN ISLAND**
**UNIVERSITY**
**HOSPITAL**

# EMERGENCY DEPARTMENT RECORD
## Physician Order Sheet

Date 8/27/08
MD ___ Time 12:15    Clerk ___ Time ___

**LABS**
- CBC
- CBC č Diff.
- BMP
- MG
- CK
- CKMB
- Troponin
- BNP
- LFT's
- Amylase
- Lipase
- PT / PTT
- ESR
- BHCG
- TSH  T3  T4
- ABG  VBG
- Myoglobin

**URINE**
- UA
- UCG

**CSF**
- Gm stain
- Cell Count x1  x2
- Protein
- Glucose
- Culture
- Other

**DRUG LEVELS**
- ETOH
- Aspirin
- Tylenol
- Digoxin
- Dilantin

**CULTURE**
- Blood  x1  x2  x3
  - Time Drawn
  - ☐ Prior to Abx administration
- Urine
- Throat
- GC & Chlamydia

**POINT OF CARE**
- U - dip
- Finger stick
- UCG

**EKG**

**BLOOD**
- T & S
- T & C x ___ units

**X RAY**
- CXR
  - Portable
  - PA / LAT
- C - spine
- Pelvis
- Abdomen
  - Flat plate
  - Obs series
- Extremity
  - wrists  L R (B)
  - ___ L R B
  - ___ L R B
  - ___ L R B

**CT**
- Head  with  w/o
- Abdomen  with  w/o
- ___ with  w/o
- ___ with  w/o

**SONO**
- Pelvis
- RUQ
- Renal
- Abdomen
- Other

**PROTOCOL**
- Trauma
- Detox
- Psych

**OTHER**
- HIV – low bmer, yellow
- thap panoplia

**ADDITIONAL DIAGNOSTIC ORDERS**
Time ___ MD ___ Clerk ___

## Orders

| | MD Time | Order | RN Time/INIT | Time Given |
|---|---|---|---|---|
| | | ☐ Cardiac Monitor | | |
| | | ☐ Pulse Oximeter | | |
| | | ☐ Oxygen ___ LNC | | |
| | | ☐ Oxygen via nonrebreather | | |
| | | ☐ Fully disrobe and gown | | |
| | | ☐ IV to Heplock | | |
| | | ☐ IV fluids: NS @ ___ /hr | | |
| | | ☐ May be off monitor for studies/transport | | |
| | | ☐ Postural Vitals | | |
| | | ☐ NPO | | |
| | | ☐ Foley to gravity | | |
| | | ☐ Rectal Temperature | | |
| | | ☐ Neuro checks q ___ h | | |
| | | ☐ Repeat CKMB and Troponin in 5 hrs | | |
| | 1300 | ☐ Acetaminophen 1000 mg PO x1 | AN | 1305 |
| | | ☐ Ibuprofen 800 mg PO x1 | | |
| | | ☐ Diphenhydramine 50 mg PO x1 | | |
| | | ☐ Prednisone ___ | | |
| | | ☐ Metoclopramide ___ | | |
| | | ☐ Ketorolac 60 mg IM x1 | | |
| | | ☐ Albuterol 1 unit dose - neb q 30 min x3 | | |
| | | ☐ Atrovent 1 unit dose via neb x1 | | |
| | 1245 | ☐ Tetanus & Diphtheria Toxoid 0.5 mL IM | AN | 1245 |

| | MD Time | Order | RN Time/INIT | Time Given |
|---|---|---|---|---|
| | | ☐ Please repeat: BP HR RR Temp | | |

(L)U22949RA   (G)20JUL09
Tetanus and Diptheria Toxoids Adsorbed
For Adult Use, DECAVAC®
US Govt Lic #1725
Mfd by Sanofi Pasteur Inc        Rx only
Swiftwater PA 16370 USA
CPT® Code, 90714           0.5 mL

8/12:15 Albuterol Inhalant  AN  12:30

## PHYSICIAN SIGNATURES / PRINT OR STAMP
1. ___   2. ___

## RN SIGNATURES / PRINT
1. ___   2. ___

Patient Name: WILLIAMS,OZAN DOB: 01/16/1980
Patient ID: 000622207
Account: 011064241
Patient Location: ED ERM-ED-NORTH - ED x9140

Accession: 12893726
Procedure: CT HEAD/BRAIN  NON-CONTRAST 260-2300
Date of exam: 08/27/2008 12:42:00
Attending Physician: PHYSICIAN NO PRIVATE
Requesting Physician: ILIRIANA SELA


Clinical History / Reason for exam: Head injury status post
assault.

Technique: Multiple contiguous axial images were obtained from
the base of the skull to the vertex without administration of
intravenous contrast.

Findings: The ventricles, basal cisterns and sulcal pattern are
within normal limits for patients stated age. There are no
cerebral, cerebellar or mid brain parenchymal abnormalities.
There is no acute mass effect, midline shift or hemorrhage. No
extra-axial fluid collections are identified.

There is mild bifrontoparietal scalp and supraorbital preseptal
soft tissue swelling.  There are no acute underlying fractures.
The bones of the calvarium are intact. Visualized paranasal
sinuses, bilateral mastoid complexes and globes and orbits are
grossly unremarkable.

Impression:
1. Bifrontoparietal scalp, supraorbital and preseptal soft tissue
   ℘  ling.
2  o acute underlying fractures or subdural hematomas.
3. These findings discussed with PA Iliriana Sela at the time of
dictation.

Original report dictated and signed by
Dr. Spencer Serras
on 08/27/2008 12:53

06-05-20 03:32PM;

ExitCare® Patient Information - Ozan Williams - ID# - MR# 000622207

# Staten Island University Hospital
## 475 Seaview Avenue
## Staten Island, NY 10305
## (718) 226-9000

EXITCARE® PATIENT INFORMATION

**Patient Information:**

| | |
|---|---|
| Patient Name: Ozan Williams | Patient Address: |
| Patient ID: | Patient Email: |
| Patient Medical Record Number: 000622207 | Patient Gender: Male |
| Patient DOB: | Responsible Adult: |
| Patient Phone Number: (   ) - | Diag: |

**Primary Caregiver Information:**
Attending Caregiver: NISHANT SHAH, M.D.
Primary Follow-up Info: : Jordan Glaser, MD - 1408 Richmond Road Staten Island NY 10304 (718)816-3362

**User Information:**

| Login ID: leela | User Name: lliriana Sela | Dept: Urgent Care |
|---|---|---|

>>>> Contusion, Hand - English - {49EDABDE-4187-4AA6-90E7-0AA24C0575F5}

*At what oral temperature, not controlled by medication, should the patient call or see their physician?:* 103°F (39.44°C)
*Additional Follow-up caregivers:*
*Additional Notes:*
Learning Assessment:
Relevant cultural/religious practices _____ None __
Barriers to learning:      Visual __ Auditory __ Sensory __ Emotional __
                          Physical __ Cognitive __ Unwilling to learn __
                          Unable to read __ None __
Primary Language spoken: _____
Learning Preference: Discussion __ Reading __ Video __ None __

>>>> Head Injuries, Adult - English - {83CB6640-B548-40DC-9B12-EE64D936C5CE}

*After how many hours should the patient be awakened to check their condition?:* Not at all
*Additional Follow-up caregivers:*
*Additional Notes:*
Learning Assessment:
Relevant cultural/religious practices _____ None __
Barriers to learning:      Visual __ Auditory __ Sensory __ Emotional __
                          Physical __ Cognitive __ Unwilling to learn __
                          Unable to read __ None __
Primary Language spoken: _____
Learning Preference: Discussion __ Reading __ Video __ None __

Signature acknowledges that Patient and/or Guardian has received these instructions and understands them.

_____  8/27/08 1320   _____  8/27/18
Patient or Guardian Signature   Date/Time         Witnessed & Instructed by      Date/Time
                                                                                  1320

©2008 ExitCare, LLC          1/1          8/27/2008 1:11:17 PM

# Audiogram

Patient: 7-30-12

Date: WILLIAMS, OZAN        Frequency in Hertz   GNC. 541 110 0138   ANSI S3.22 1987 Standards

**Results of Ear Inspection**

Left Right
- No Blockage
- Partial Blockage
- Impacted

PROGRESSIVE SNHL - BILATERAL



Hearing Level in Decibels (dB)

Frequency Specific LDL's

This information is intended for the sole purpose of fitting or selecting a hearing aid and is not a medical examination or audiological evaluation.
This is an audiological evaluation and is not a medical examination.

RIKERS ISLAND
WEST GACH FLY

John E. Kenul, ACA, BC-HIS
Audiology

| Modality | Left Ear Blue | | Right Ear Red | | No Response | | Average Pure-Tone | |
|---|---|---|---|---|---|---|---|---|
| | | | | | Left Ear | Right Ear | Left Ear | Right Ear |
| AIR CONDUCTION Unmasked | X | X | O | O | | | | |
| Masked | □ | □ | △ | △ | | | | |
| BONE CONDUCTION Unmasked | | | | | | | Hi-Freq A. P. T. | |
| Masked | | | | | | | | |

## S P E E C H   T E S T S   R E S U L T S

| EAR | SRT | LDL (SPL) | MCL | Discrimination % Correct | Presentation Level |
|---|---|---|---|---|---|
| Right | 105. | | 110 | NU6  80  % <br> MRT ___ % | MCL ___ <br> Quiet ___ Masked ___ |
| Left | 100 | | 110. | NU6  90  % <br> MRT ___ % | MCL ___ <br> Quiet ___ Masked ___ |
| Binaural | | L ___ R ___ | L ___ R ___ | NU6 ___ % <br> MRT ___ % | MCL ___ <br> Quiet ___ Masked ___ |



STATE OF NEW YORK

**DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION**

## DOWNSTATE CORRECTIONAL FACILITY

**ANTHONY J. ANNUCCI**
ACTING COMMISSIONER

PO BOX 445 – 121 RED SCHOOLHOUSE ROAD
FISHKILL, N.Y. 12524-0445
(845) 831-6600

**ADA PEREZ**
SUPERINTENDENT

## MEMORANDUM

TO:    O. Williams        13A5036          (1-A-04)

FR:    G. Thomas, First Deputy Superintendent / Acting Superintendent

RE:    Letter dated 12/14/13

DT:    December 24, 2013

I have received your letter regarding your concerns about hearing aids.  I have forwarded your letter to Dr. Malvarosa, Facility Health Services Director.   He will have your concerns evaluated and will have a staff person get back to you.

GST: cmn

cc:    File

# OTO*health*

## HEARING AID CENTERS

*The trusted choice in hearing instrumentation*

- Hearing aid sales & on-site repairs
- Loaner aids available
- Custom digital hearing instruments
- Unnoticeable in-the-canal aids
- Sound-amplifying devices
- Emergency visits available
- Audiometric testing
- *Morning, lunchtime, & evening appointments*
- *Visa, MasterCard, American Express & Discover welcome*
- *Nationwide Locations*

Date: August 26, 2013

Name: Williams, Ozan
D.O.B: 01/16/1980
Facility: GRVC

Inmate# 541 1100 138

Patient has had delivered to him two behind the ear hearing aids.

Items included are; one storage box, one cleaning brush and pick, one instruction booklet, 20 cells #675 batteries.

Please allow him to keep these items in his possession as a matter of medical necessity and for his personal security and quality of life.

John E. Kenul

Dispenser
NPI# 1912122904
EIN# 20-2901924

28-56A 41st Street, Astoria, N.Y. 11103
Phone: (718) 274-HEAR (4327) • Fax: (718) 274-6339
Visit our Website @ www.otohealthhearingaids.com

FORM 2131E (REVERSE) (REV. 6/06)
**Response of IGRC:**

**SS# 54640-15**                    **Code: 22**                    **APRIL 02, 2015**
**Name: WILLIAMS, O. 13A5036**

**AGREE**

Per Dr. D. Gage, this issue will be forwarded to nurse  Furco to order correct batteries.

Date Returned to Inmate _____APR 03 2015_____ IGRC Members_____

Chairperson _____

Return within 7 calendar days and check appropriate boxes.*

☐   I disagree with IGRC response and wish to
     Appeal to the Superintendent.

☐   I have reviewed deadlocked responses.
     Pass-Thru to Superintendent

☐   I agree with the IGRC response and wish to
     Appeal to the Superintendent.

☐   I apply to the IGP Supervisor for
     review of dismissal

Signed_____         _____
            Grievant                                Date

_____               _____
  Grievance Clerk's Receipt                         Date

_____

*To be completed by Grievance Clerk.*

Grievance Appealed to the Superintendent _____
                                                    Date

Grievance forwarded to the Superintendent for action_____
                                                    Date

*An exception to the time limit may be requested under Directive #4040, section 701.6(g).



**NEW YORK STATE** | Corrections and Community Supervision

ANDREW M. CUOMO
Governor

ANTHONY J. ANNUCCI
Acting Commissioner

# MEMORANDUM

**TO:**        WILLIAMS, Ozan  #13-A-5036    B-T-15

**FROM:**      Michael Capra, Superintendent

**SUBJECT:**   ***RESPONSE TO CORRESPONDENCE***

**DATE:**      April 28, 2015

I am responding to your letter to me dated April 12, 2015, requesting that your disciplinary hearings from January and February of this year be overturned because your hearing aids were malfunctioning.

Investigation shows that your hearing aids were working.  Request denied.

MC:sah
cc:    Guidance file
       Author



**THE LEGAL AID SOCIETY**

Prisoners' Rights Project
199 Water Street
New York, NY 10038
T (212) 577-3300
www.legal-aid.org

**LEGAL MAIL**
**PRIVILEGED AND CONFIDENTIAL**

December 19, 2016

Ozan Williams (13-A-5036)
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY  10562-5442

Blaine (Fin) V. Fogg
*President*

Seymour W. James, Jr.
*Attorney-in-Chief*

Justine M. Luongo
*Attorney-in-Charge*
Criminal Practice

Mary Lynne Werlwas
*Director*
Prisoners' Rights Project

Dear Mr. Williams:

My name is Stefen R. Short and I am a Staff Attorney with the Prisoners' Rights Project of The Legal Aid Society.  I write in response to your recent letter in which you state that Sing Sing Correctional Facility has refused to repair your hearing aids.  You state that without your hearing aids, you cannot hear staff and officers and have been subjected to disability-related discipline.

As you may recall, this office shared your complaint with *Clarkson* Ombudsperson Nancy Heywood on your behalf on June 13, 2016.  We received a response from Ms. Heywood on August 25, 2016.  I have enclosed a copy of that response for your convenience.

I am sorry to hear that your hearing aids still have not been fixed.  I can write to Sing Sing on your behalf to request new hearing aids, but I need more information first.  When did you last contact medical about your broken hearing aids?  Did medical respond to you?  What did they say?  You state that you have received tickets for disability-related conduct.  What tickets have you received, and were you disciplined?  Do you feel unsafe?  Please be as specific as possible and enclose any relevant documents.

Lastly, please find enclosed a medical release form that you should sign and return to me.  Without a signed release form, DOCCS will not communicate with me about your hearing aids.  I look forward to hearing from you.

Sincerely,

Stefen R. Short
Staff Attorney

Encl.   Unsigned Release Form
        Letter from N. Heywood (08/25/16)

FORM 2171B (10/14)
Side 2

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

_____ Sing-Sing _____ **Correctional Facility**

## INMATE MISBEHAVIOR REPORT ♦ INFORME DE MAL COMPORTAMIENTO DEL RECLUSO

| 1. NAME OF INMATE (Last, First) ♦ NOMBRE DEL RECLUSO (Apellido, Nombre) | NO. ♦ NÚM | HOUSING LOCATION ♦ CELDA |
|---|---|---|
| Williams, O. | 13A5036 | HBB 0-73 |

| 2. LOCATION OF INCIDENT ♦ LUGAR DEL INCIDENTE | INCIDENT DATE ♦ FECHA | INCIDENT TIME ♦ HORA |
|---|---|---|
| NORTH SIDE 0-GALLERY | November 3, 2016 | 7:50 a.m. Approximate |

**3. RULE VIOLATION(S) ♦ VIOLACIÓN/ES**

106.10 Refusal to Obey Direct Order
109.12 Inmate Movement

**4. DESCRIPTION OF INCIDENT ♦ DESCRIPCIÓN DEL INCIDENTE**

On the above date and approximate time while on "chow on the go back" Inmate Williams, O. Din# 15036 cell 0-73, stopped at 0-62 cell Inmate Chapman Din# 16A2801 whose on keeplock status, I gave Inmate Williams, O a direct order to go "lock in." Instead Inmate Williams picked up the "Feedup Tray" from 0-62 and went down to 0-15 cell. He returned afterwards and I said to give me your State I.D. card. He complied without further incident.

Served by K. Broccolo 11/4/16 @ 5:50 pm

| REPORT DATE ♦ FECHA | REPORTED BY ♦ NOMBRE DE LA PERSONA QUE HACE EL INFORME | SIGNATURE ♦ FIRMA | TITLE ♦ TÍTULO |
|---|---|---|---|
| November 2016 | K. Fraga | | C.O. |

**5. ENDORSEMENTS OF OTHER EMPLOYEE WITNESSES (if any)** SIGNATURES:

ENDOSOS DE OTROS EMPLEADOS TESTIGOS (si hay) FIRMAS: 1. _____

2. _____ 3. _____

**NOTE: Fold back Page 2 on dotted line before completing below.**

DATE AND TIME SERVED UPON INMATE _____ NAME AND TITLE OF SERVER _____

FECHA HORA DADO AL RECLUSO _____ NOMBRE Y TÍTULO DEL QUE ENTREGA _____

You are hereby advised that no statement made by you in response to the charges or information derived therefrom may be used against you in a criminal proceeding. ♦ Por este medio se le informa que no se puede usar ninguna declaración hecha por usted como respuesta al cargo o la información derivada de ella en una demanda criminal.

### NOTICE ♦ AVISO

**REVIEWING OFFICER (DETACH BELOW FOR VIOLATION HEARING ONLY)**

You are hereby notified that the above report is a formal charge and will be considered and determined at a hearing to be held. ♦ Por este medio se le notifica que el informe anterior es un cargo formal el cual se considerará y determinará en una audiencia a celebrarse.

The inmate shall be permitted to call witnesses provided that so doing does not jeopardize institutional safety or correctional goals. ♦ Se le permitirá al recluso llamar testigos con tal de que al hacerlo no pondrá en peligro la seguridad de la institución o los objetivos del Departamento.

If restricted pending a hearing for this misbehavior report, you may write to the Deputy Superintendent for Security or his/her designee prior to the hearing to make a statement on the need for continued prehearing confinement. ♦ Si está restringido pendiente a una audiencia por este informe de mal comportamiento, puede escribirle al Diputado del Superintendente para Seguridad o su representante antes de la audiencia para que haga una declaración acerca de la necesidad de continuar bajo confinamiento, previo a la audiencia.

Distribution: WHITE - Disciplinary Office   CANARY - Inmate (After review) ♦ Distribución: BLANCA - Oficina Disciplinaria   AMARILLA - Recluso (después de la resión)



**NEW YORK STATE** | Corrections and Community Supervision

**ANDREW M. CUOMO**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

March 4, 2016

Ozan Williams, 13-A-5036
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562-5442

Dear Mr. Williams:

Deputy Commissioner Koenigsmann has asked me to respond to your recent letter.

The Division of Health Services has investigated your concerns with the Health Services staff at Sing Sing Correctional Facility.  I have been advised by the facility that you were seen by your primary care provider on November 24 & 25, 2015, and your concern about the hearing aid has been addressed at both appointments.  Also, an audiology specialist has described your hearing loss as non-significant.  I would encourage you to discuss your medical concerns with your provider at the next appointment.

It is suggested that you continue to bring your medical concerns to the attention of the health care staff using the existing sick call procedure.  I am sure they will make every effort to address your needs.

Sincerely,

*Susanna Nayshuler*
Susanna Nayshuler
Regional Health Services Administrator

SN/aaf

cc:  FHSD, Sing Sing Correctional Facility

 **THE LEGAL AID SOCIETY**

Prisoners' Rights Project
199 Water Street
New York, NY 10038
T (212) 577-3300
www.legal-aid.org

Blaine (Fin) V. Fogg
*President*

Seymour W. James, Jr.
*Attorney-in-Chief*

Justine M. Luongo
*Attorney-in-Charge*
Criminal Practice

Mary Lynne Werlwas
*Director*
Prisoners' Rights Project

March 13, 2017

Nancy Heywood, Esq.
*Clarkson* Ombudsperson
Office of Counsel
Department of Corrections and Community Supervision
1220 Washington Avenue, Building 2
Albany, NY 12226-2050

Re:    **Clarkson v. Coughlin, 91-cv-1792 (S.D.N.Y.)**
       **Complainant: Ozan Williams (13-A-5036)**
       **Sing Sing Correctional Facility**

Dear Ombudsperson Heywood:

I write on behalf of Ozan Williams, who reports that his hearing aids have been broken for several months and have not been repaired or replaced.

Mr. Williams reports that he saw Dr. Serhan at Sing Sing Correctional Facility in December 2016 and January 2017 to have his hearing aids repaired, but they still have not been repaired. Without his hearing aids, he has difficulty completing law work and school work. He also reports that he has received several tickets for failing to hear officers. Although he has filed multiple grievances and lodged multiple verbal complaints about his hearing aids, he states that he has been ignored.

This office wrote to Sing on Mr. Williams's behalf on February 16, 2017. Mr. Williams reports that he has also submitted several grievances and contacted medical staff since February 16. Despite these overtures, Mr. Williams states that he is still without functioning hearing aids. He is concerned that he is susceptible to additional disciplinary problems because he cannot hear staff consistently.

Section 30 of the *Clarkson* consent decree requires DOCCS to provide maintenance services needed to keep hearing aids operative at all times. Mr. Williams should not be made to suffer without hearing aids for months at a time

I have enclosed a signed release form so that you may respond to this letter. Please look into Mr. Williams's complaints and ensure that either his hearing aids are repaired or he is provided with a functional pair. Thank you for your prompt attention to this matter and I look forward to hearing from you.

*Recieve on Feb. 1, 2017*

| NEW YORK STATE **Corrections and Community Supervision** | GRIEVANCE NO. 57297-16 | DATE FILED 12/5/16 |
|---|---|---|
| | FACILITY Sing Sing | POLICY DESIGNATION Institutional |
| **INMATE GRIEVANCE PROGRAM** | TITLE OF GRIEVANCE Medical | CLASS CODE 22 |
| **SUPERINTENDENT** | SUPERINTENDENT'S SIGNATURE | DATE 1/27/17 |
| GRIEVANT Williams, O. | DIN 13A5036 | HOUSING UNIT HBA O-73 |

Grievant states he was told he was on the waiting list to have his hearing aids repaired however, the hearing aids have not been repaired therefore he keeps getting tickets.

Grievance Denied. Investigation reveals grievant was seen 12/20/16 by the audiologist, after which the audiologist advised grievants primary care provider he has no hearing loss.

---

**APPEAL STATEMENT**

If you wish to refer the above decision of the Superintendent please sign below and return this copy to your Inmate Grievance Clerk. You have seven (7) calendar days from receipt of this notice to file your appeal.* Please state why you are appealing this decision to C.O.R.C.

DR. SERHAN is telling me one thing, and doing another, my hearing Aids are broken and I'm not hearing him or other people clearly, I would like to get a second opinion.

_Ofem Williams_ _____          Feb. 1, 2017
GRIEVANT'S SIGNATURE                                 DATE

_____
GRIEVANCE CLERK'S SIGNATURE                          DATE

*An exception to the time limit may be requested under Directive #4040, section 701.6 (g)
Form 2133 (02/15)

**State of New York**
**Department of Corrections**
**& Community Supervision**
**Sing Sing Correctional Facility**
354 HUNTER STREET
OSSINING, NEW YORK 10562-5442
914-941-0108

Anthony J. Annucci
**ACTING COMMISSIONER**

**Michael Capra**
**SUPERINTENDENT**

**Memorandum**

May 10, 2016

**To:**        Williams, O. #13A5036 – A-O-73

**From:**    Q. Quick, IGP Supervisor

**Subject:**   Dismissal of Grievance

Be advised,

I have reviewed your appeal of dismissal to Grievance SS #56491-16. Note that this is not an appealable decision. Therefore, the dismissal will stand.

| | | Grievance Number **SS-56508-16** | Desig./Code **I/22** | Date Filed **5/2/16** |
|---|---|---|---|---|
| NEW YORK STATE | Corrections and Community Supervision | Associated Cases | | Hearing Date **10/25/17** |
| ANDREW M. CUOMO Governor | ANTHONY J. ANNUCCI Acting Commissioner | Facility **Sing Sing Correctional Facility** | | |
| INMATE GRIEVANCE PROGRAM CENTRAL OFFICE REVIEW COMMITTEE | | Title of Grievance **New Hearing Aids** | | |

## GRIEVANT'S REQUEST UNANIMOUSLY ACCEPTED IN PART

Upon full hearing of the facts and circumstances in the instant case, and upon recommendation of the Division of Health Services, the action requested herein is hereby accepted in part.

CORC notes that the grievant was seen by his provider 9 times between 3/2/16 and 10/5/17 for various issues, including his hearing aids. In addition, he was seen by the audiologist on 12/20/16, who determined that no follow up was needed at that time, however, he is scheduled for a follow up appointment in the near future. CORC has not been presented with evidence of improper medical care or malfeasance by staff. CORC notes that the grievant did not appeal his 4/18/16 Tier II misbehavior report and advises him that he is solely responsible for his actions while in the Department's custody.

With regard to the grievant's appeal, CORC advises him to address medical concerns via sick call and block issues to area supervisory staff, at that time, for the most expeditious means of resolution. He is also advised to address disciplinary concerns to the disciplinary office.

RAL/

------------------------------------------------------------
------------------------------------------------------------

This document has been electronically signed by Shelley M. Mallozzi



NEW YORK STATE | **Corrections and Community Supervision**

ANDREW M. CUOMO
Governor

ANTHONY J. ANNUCCI
Acting Commissioner

## MEMORANDUM

FROM:     Karen Bellamy, Director, Inmate Grievance Program

SUBJ:     Receipt of Appeal

O WILLIAMS  13A5036  9/7/2017
Sing Sing Correctional Facility
Your grievance SS-56508-16 entitled
New Hearing Aids
was rec'd by CORC on 1/18/2017

FORM 2171B (10/14)
Side 2

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

_____ **Correctional Facility**

## INMATE MISBEHAVIOR REPORT ♦ INFORME DE MAL COMPORTAMIENTO DEL RECLUSO

| 1. NAME OF INMATE (Last, First) ♦ NOMBRE DEL RECLUSO (Apellido, Nombre) | NO. ♦ NÚM. | HOUSING LOCATION ♦ CELDA |
|---|---|---|
| Williams, Ozan | 13AS036 | HBA 19 |

| 2. LOCATION OF INCIDENT ♦ LUGAR DEL INCIDENTE | INCIDENT DATE ♦ FECHA | INCIDENT TIME ♦ HORA |
|---|---|---|
| School Building | 10/20/2018 | 1:08pm |

**3. RULE VIOLATION(S) ♦ VIOLACIÓN/ES**

107.20 False information

**4. DESCRIPTION OF INCIDENT ♦ DESCRIPCIÓN DEL INCIDENTE**

At approximately 1:08pm inmate Williams,O 13AS036 was let out of his cell to attend the school run. Officer Weeks reported to me inmate Williams was out of place attempting to go to the law library. Inmate Williams told lied providing a false statement to officer Weeks stating I "told him to go to the law library."

| REPORT DATE ♦ FECHA | REPORTED BY ♦ NOMBRE DE LA PERSONA QUE HACE EL INFORME | SIGNATURE ♦ FIRMA | TITLE ♦ TÍTULO |
|---|---|---|---|
| 10/20/18 | L. Neblett | | C O |

**5. ENDORSEMENTS OF OTHER EMPLOYEE WITNESSES (if any)**       SIGNATURES.

ENDOSOS DE OTROS EMPLEADOS TESTIGOS (si hay)       FIRMAS:   1.

2.

3.

**NOTE:** Fold back Page 2 on dotted line before completing below.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DATE AND TIME SERVED UPON INMATE _____   NAME AND TITLE OF SERVER _____

FECHA HORA DADO AL RECLUSO _____   NOMBRE Y TÍTULO DEL QUE ENTREGA _____

You are hereby advised that no statement made by you in response to the charges or information derived therefrom may be used against you in a criminal proceeding. ♦ Por este medio se le informa que no se puede usar ninguna declaración hecha por usted como respuesta al cargo o la información derivada de ella en una demanda criminal.

## NOTICE ♦ AVISO

**REVIEWING OFFICER (DETACH BELOW FOR VIOLATION HEARING ONLY)**

You are hereby notified that the above report is a formal charge and will be considered and determined at a hearing to be held. ♦ Por este medio se le notifica que el informe anterior es un carge formal el cual se considerará y determinará en una audiencia a celebrarse.

The inmate shall be permitted to call witnesses provided that so doing does not jeopardize institutional safety or correctional goals. ♦ Se le permitirá al recluso llamar testigos con tal de que al hacerlo no pondrá en peligro la seguridad de la institución o los objetivos del Departamento.

If restricted pending a hearing for this misbehavior report, you may write to the Deputy Superintendent for Security or his/her designee prior to the hearing to make a statement on the need for continued prehearing confinement. ♦ Si está restringido pendiente a una audiencia por este informe de mal compartamiento, puede escribirle al Diputado del Superintendente para Seguridad o su representante antes de la audiencia para que haga una declaración acerca de la necesidad de continuar bajo confinamiento, previo a la audiencia.

Distribution: WHITE - Disciplinary Office   CANARY - Inmate (After review) ♦ Distribución: BLANCA - Oficina Disciplinaria   AMARILLA - Recluso (después de la resión)

Mr. Ozan Williams
13-A-5036
Sing Sing Corr. Fac.
354 Hunter Street
Ossining, New York 10562


3 April 2018


Mr. Adam D. Perlmutter, Esq.
260 Madison Avenue - Suite 1800
New York, New York 10016

In re: People v. Ozan Williams

Counsel Perlmutter:

I write in regard to the service you provided in the above
reference matter, and current communication by appellate counsel
Kathleen Whooley at which you and I defer on my inability to hear
and whether accommodation was provided therefrom has become an
contested undeveloped issue.

After a diligent search subsequently to appellate counsel's
conversation with you indicating a counter argument showing I
indeed was wearing a hearing, no accommodation was provided, and
in spite an ambiguous "case file" suggest otherwise, I
fundamentally disagree with the purported "case file" in which I
have not reviewed that otherwise is contradicts in the first
trial record.

The first trial record clearly indicate me having hearing
problems and no other protections by the court nor by yourself
whether accommodation was required dehors the record. Despite a
thin record exist and belies your assertion corroborated by its
actual existence, case law suggest the minimal protection
afforded in accord with disability act and derivative
constitutional lapses merits further litigation in a proper
forum.

Accordingly, based on the foregoing, I would appreciate that you
not be unresponsive and reply within five (5) days upon receipt
of this letter, if not, the thin record and accompanying letter
corresponding communication by appellate will suffic in which I
intend to pursue.

Respectfully,



Mr. Ozan Williams

cc:  Kathleen Whooley
     Appellate Advocate

 **Corrections and Community Supervision**

ANDREW M. CUOMO
Governor

ANTHONY J. ANNUCCI
Acting Commissioner

## MEMORANDUM

From:     Shelley Mallozzi, Director, Inmate Grievance Program

SUBJ:     Receipt of Appeal

O WILLIAMS  13A5036   1/16/2018
Sing Sing Correctional Facility
Your grievance SS-57297-16 entitled
Needs Hearing Aids Fixed
was rec'd by CORC on 3/3/2017

# Williams, Ozan (Person Version)

| PERSON | | |
|---|---|---|
| **Name:**<br>OZAN WILLIAMS | **NYSID:**<br>08402300N | **DIN:**<br>13A5036 |
| **SSN:** | **Race:**<br>Other | **Alternate ID:** |
| **Ethnicity:**<br>Unknown | **True Name:** | |
| **Date of Birth:**<br>1/16/1980 | **Agency:**<br>NYS DOCCS | |
| **Gender:**<br>Male | **Location:**<br>Sing Sing CF | |
| **Marital Status:** | | |

| CASE PLAN INFORMATION | | | | |
|---|---|---|---|---|
| **Case Identifier:**<br>13a5036 | **Title:**<br>Williams, Ozan | **Status:**<br>Open | **Start Date:**<br>3/19/2014 | **End Date:** |

## Client Strengths

Age 30 or Greater

Full Time Employment/School Past 6 Months

## Client Interests

N/A

## Case Plan Goals, Tasks and Activities

### Education and Employment Development

#### Goal: Acquire HSE

##### Task: Develop Career Aspirations and goals.

Start Date:      1/9/2018           End Date:

Probation Officer and
DOCCS Personnel
Responsibilities:

Referral Date:      1/9/2018

Hours Per Day:                 Total Days:

Completion Code:

### Pro-social Development

#### Goal: Working on release

### Medical

#### Goal: Wants to get new batteries for hearing aids

#### Goal: get a new hearing aid

#### Goal: Apply for Medicaid For a new Hearing Aid

### Vocational/Education

**Goal: Obtain GED**

    **Activity:** Take the GED Test when completed prehse

    Description: Continue with studying for HSE.

    Responsible Party:

    Start Date: 1/9/2018          End Date:

    Completion Code:

**Anger**

    **Goal: develop anger management stratigies**

    **Goal: work on getting my hearing aide fixed.**

        **Activity:** contact medical department for assisstance in getting hearing aide fixed.

        Description:

        Responsible Party:

        Start Date: 10/9/2017        End Date: 1/9/2018

        Completion Code: Successful

    **Goal: Increase ability to cope with angry feelings constructively**

I have read and understand my case plan and the goals that I will be working to achieve. I understand that these goals have been identified to help me succeed.

Client Signature: _____    Date: _____

Officer or Coordinator
Signature: *ORC, Caldwell, A.*    Date: 4/10/18

Supervisor Signature: _____    Date: _____

FORM 2171B (10/14)
Side 2

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

Sing Sing **Correctional Facility**

## INMATE MISBEHAVIOR REPORT ♦ INFORME DE MAL COMPORTAMIENTO DEL RECLUSO

| 1. NAME OF INMATE (Last, First) ♦ NOMBRE DEL RECLUSO (Apellido, Nombre) | NO ♦ NÚM. | HOUSING LOCATION ♦ CELDA |
|---|---|---|
| Williams, O | 13 A 5036 | A-L019 |

| 2. LOCATION OF INCIDENT ♦ LUGAR DEL INCIDENTE | INCIDENT DATE ♦ FECHA | INCIDENT TIME ♦ HORA |
|---|---|---|
| Housing Block A, L Gallery Cell 19 | June 11, 2019 | 6:09 AM |

**3. RULE VIOLATION(S) ♦ VIOLACIÓNES**

112.21 Count Procedure Violation
106.10 Refusing Direct Order

Served by C. Austin-Perez
Date 6-31-19
(6-5 PM)

**4. DESCRIPTION OF INCIDENT ♦ DESCRIPCIÓN DEL INCIDENTE**

At approximately 555 Am the block OIC made an announcement via loud speaker notifying Inmates that there were five minutes until the standing Count. At approximately 6:00 Am the block OIC rang the housing block bell and proceeded to make another announcement via loud speaker that the standing Count was currently in progress. Inmates were directed to turn on cell lights, turn off radios and televisions, and to stand approximately 2 feet away from their cell doors. I proceeded to begin my rounds to complete my Count. I came upon Inmate Williams 13 A 5036, in Cell-L19. Inmate was not standing in facility Count. At this time I stopped my Count and notified Inmate that the standing Count was in progress and gave a direct order for him to comply with facility Count Procedures and stand. Inmate did not stand for the Count. As I was able to confirm Inmate was alive and breathing, I proceeded with my Count.

| REPORT DATE ♦ FECHA | REPORTED BY ♦ NOMBRE DE LA PERSONA QUE HACE EL INFORME | SIGNATURE ♦ FIRMA | TITLE ♦ TÍTULO |
|---|---|---|---|
| 06/11/19 | R. Antoine | R. Antoine | CO |

**5. ENDORSEMENTS OF OTHER EMPLOYEE WITNESSES (if any)**      SIGNATURES:

ENDOSOS DE OTROS EMPLEADOS TESTIGOS (si hay)      FIRMAS:   1. _____

2. _____

**NOTE: Fold back Page 2 on dotted line before completing below.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DATE AND TIME SERVED UPON INMATE _____ X _____      NAME AND TITLE OF SERVER _____

FECHA HORA DADO AL RECLUSO _____      NOMBRE Y TÍTULO DEL QUE ENTREGA _____

You are hereby advised that no statement made by you in response to the charges or information derived therefrom may be used against you in a criminal proceeding. ♦ Por este medio se le informa que no se puede usar ninguna declaración hecha por usted como respuesta al cargo o la información derivada de ella en una demanda criminal.

## NOTICE ♦ AVISO

**REVIEWING OFFICER (DETACH BELOW FOR VIOLATION HEARING ONLY)**

You are hereby notified that the above report is a formal charge and will be considered and determined at a hearing to be held. ♦ Por este medio se le notifica que el informe anterior es un cargo formal el cual se considerará y determinará en una audiencia a celebrarse.

The inmate shall be permitted to call witnesses provided that so doing does not jeopardize institutional safety or correctional goals. ♦ Se le permitirá al recluso llamar testigos con tal de que al hacerlo no pondrá en peligro la seguridad de la institución o los objetivos del Departamento.

If restricted pending a hearing for this misbehavior report, you may write to the Deputy Superintendent for Security or his/her designee prior to the hearing to make a statement on the need for continued prehearing confinement. ♦ Si está restringido pendiente a una audiencia por este informe de mal comportamiento, puede escribirle al Diputado del Superintendente para Seguridad o su representante antes de la audiencia para que haga una declaración acerca de la necesidad de continuar bajo confinamiento, previa a la audiencia.

Distribution: WHITE - Disciplinary Office      CANARY - Inmate (After review) ♦ Distribución: BLANCA - Oficina Disciplinaria      AMARILLA - Recluso (después de la resión)

FORM 2171B (10/14)
Side 2

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

_____ Correctional Facility

## INMATE MISBEHAVIOR REPORT ♦ INFORME DE MAL COMPORTAMIENTO DEL RECLUSO

| 1. NAME OF INMATE (Last, First) ♦ NOMBRE DEL RECLUSO (Apellido, Nombre) | NO. ♦ NÚM. | HOUSING LOCATION ♦ CELDA |
|---|---|---|
| William, O | 13A5036 | HBA-L19 |

| 2. LOCATION OF INCIDENT ♦ LUGAR DEL INCIDENTE | INCIDENT DATE ♦ FECHA | INCIDENT TIME ♦ HORA |
|---|---|---|
| HBA, L Gallery, Cell #19 | March 02, 2019 | 6:10 Am |

**3. RULE VIOLATION(S) ♦ VIOLACIÓN/ES**

113.21   Count Procedure Violation
107.10   Interference with Employee

**4. DESCRIPTION OF INCIDENT ♦ DESCRIPCIÓN DEL INCIDENTE**

At approximately 5:55 Am HBA OIC made an announcement via loud speaker notifying inmates that there were five minutes until the standing count. At approximately 6:00 Am HBA OIC rang the housing block bell and proceeded to make another announcement via loud speaker that the standing count was currently in progress. Inmates were directed to turn on cell lights, turn off radios and televisions, and to stand approximately 2 feet away from their cell doors. I proceeded to begin my rounds to complete my count. I came upon Inmate William in cell L-19. Inmate was not standing for facility count. At this time, I stopped my count and notified Inmate that the standing count was in progress and gave a direct order for him to comply with facility count procedures and stand. Inmate moved but did not complied. I continued my count and no further incident occurred.

Noted by CO A. Fazil 3/2/19 1200pm

| 5. REPORT DATE ♦ FECHA | REPORTED BY ♦ NOMBRE DE LA PERSONA QUE HACE EL INFORME | SIGNATURE ♦ FIRMA | TITLE ♦ TÍTULO |
|---|---|---|---|
| 03/02/19 | R. Antoine | R. Antoine | CO |

**5. ENDORSEMENTS OF OTHER EMPLOYEE WITNESSES (if any)    SIGNATURES:**

ENDOSOS DE OTROS EMPLEADOS TESTIGOS (si hay)    FIRMAS:   1. _____

2. _____    3. _____

**NOTE:  Fold back Page 2 on dotted line before completing below.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DATE AND TIME SERVED UPON INMATE _____X_____    NAME AND TITLE OF SERVER _____

FECHA HORA DADO AL RECLUSO _____    NOMBRE Y TÍTULO DEL QUE ENTREGA _____

You are hereby advised that no statement made by you in response to the charges or information derived therefrom may be used against you in a criminal proceeding.  ♦  Por este medio se le informa que no se puede usar ninguna declaración hecha por usted como respuesta al cargo o la información derivada de ella en una demanda criminal.

### NOTICE ♦ AVISO

**REVIEWING OFFICER (DETACH BELOW FOR VIOLATION HEARING ONLY)**

You are hereby notified that the above report is a formal charge and will be considered and determined at a hearing to be held.  ♦  Por este medio se le notifica que el informe anterior es un carge formal el cual se considerará y determinará en una audiencia a celebrarse.

The inmate shall be permitted to call witnesses provided that so doing does not jeopardize institutional safety or correctional goals.  ♦  Se le permitirá al recluso llamar testigos con tal de que al hacerlo no pondrá en peligro la seguridad de la institución o los objetivos del Departamento.

If restricted pending a hearing for this misbehavior report, you may write to the Deputy Superintendent for Security or his/her designee prior to the hearing to make a statement on the need for continued prehearing confinement.  ♦  Si está restringido pendiente a una audiencia por este informe de mal comportamiento, puede escribirle al Diputado del Superintendente para Seguridad o su representante antes de la audiencia para que haga una declaración acerca de la necesidad de continuar bajo confinamiento, previo a la audiencia.

Distribution:  WHITE - Disciplinary Office    CANARY - Inmate (After review)  ♦  Distribución:  BLANCA - Oficina Disciplinaria    AMARILLA - Recluso (después de la resión)

 **NEW YORK STATE** | **Corrections and Community Supervision**

**ANDREW M. CUOMO**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

May 13, 2020

Mr. Ozan Williams
13A5036
Otisville Correctional Facility
57 Sanitorium Road
Otisville, NY  10963-0008

Dear Mr. Williams:

This is in reference to your recent correspondence regarding a misbehavior report.

Directive #4040 provides inmates with an orderly, fair, simple and expeditious method of resolving grievances pursuant to the Correction Law and makes no provision for an inmate to refer grievances directly to Central Office. Grievances should be submitted directly to the Inmate Grievance Program (IGP) office at your current facility.

Be advised all facts and circumstances surrounding your misbehavior report are reviewable during the disciplinary proceeding and upon appeal. The disciplinary and appeal processes are outlined in Directive #4932 - Chapter V, Standards Behavior & Allowances. The Inmate Grievance Program cannot be used as a secondary appeal mechanism.

You are advised to address all issues with the appropriate department in the facility for the most expeditious means of resolution.

Sincerely,

Anne Marie McGrath
Deputy Commissioner

cc:  Superintendent - Otisville C.F.
     Office of Special Housing
     Inmate File
     Reference # 20200429-141841-SEW



**NEW YORK STATE** | **Corrections and Community Sup**

**ANDREW M. CUOMO**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

To:   WILLIAMS, O.   DIN:  13A5036   CELL 24-2C-27B

From:  A. Stevenson, Deputy Superintendent of Programs

Re:   Misbehavior Report

Date:  May 4, 2020

Mr. Williams,

I am in receipt of your letter regarding a Tier II misbehavior report you would like removed from your record.  Unfortunately, there is nothing that can be done on my end.  You went through the proper appeal process with the Superintendent/Designee and that decision was affirmed.  There is no avenue above that for a Tier II appeal.

Mr. Ozan Williams
D.I.N. 13A5036
Otisville Correction Facility
57 Sanitorium Road
P.O., Box 8
Otisville New York 10963

NEOPOST                    FIRST-CLASS MAIL
09/14/2020
US POSTAGE $002.60⁰


ZIP 10963
047M11459157

NEW YORK SOUTHERN DISTRICT COURT
500 PEARL STREET
DANIEL PATRICK MOYNIHAN U.S. COURTHOUSE
500 PEARL STREET
NEW YORK, N.Y. 10007-1312