UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
OZAN WILLIAMS,                                              :
                                                            :
                Plaintiff,               :
                                                            :
   - against -                                              :       20-cv-7644(KMK)
                                                            :
DELTA BAROMETRE, Superintendent and the                     :
NEW YORK STATE DEPARTMENT OF                                :
CORRECTIONS AND COMMUNITY                                   :
SUPERVISION,                                                :
                                                            :
                Defendants.              :
------------------------------------------------------------ X


# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT


                                                             LETITIA JAMES
                                                              Attorney General
                                                                 State of New York
                                                            <u>Attorney for Defendants</u>
                                                           28 Liberty Street - 18th Floor
                                                           New York, NY 10005
                                                           (212) 416-8906
                                                           Deanna.Collins@ag.ny.gov


DEANNA L. COLLINS
Assistant Attorney General
   of Counsel


Dated:  March 1, 2021

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES..................................................................................................ii

PRELIMINARY STATEMENT ........................................................................................... 1

RELEVANT BACKGROUND.............................................................................................. 3

STANDARD OF REVIEW .................................................................................................... 4

ARGUMENT .......................................................................................................................... 5

POINT I          PLAINTIFF'S § 1983 CLAIMS AGAINST DOCCS MUST BE
                 DISMISSED ............................................................................................... 5

POINT II         THE COMPLAINT FAILS TO STATE A § 1983 CLAIM AGAINST
                 SUPERINTENDENT BAROMETRE.................................................... 5

    A. The Complaint Fails To Allege An Eighth Amendment Claim........................ 5

    B. The Complaint Fails To Allege A Due Process Claim..................................... 9

    C. In Any Event, Superintendent Barometre Is Entitled To Qualified Immunity ................. 10

POINT III        ANY ADA OR RA CLAIM MUST BE DISMISSED……………………………..11

CONCLUSION………………………………………………………………………………..13

## TABLE OF AUTHORITIES

**Cases**                                                                                                    Page(s)

Alster v. Goord,
    745 F. Supp. 2d 317 (S.D.N.Y. 2010) ....................................................................................6

Alverado v. Westchester Cnty.,
    22 F. Supp. 3d 208 (S.D.N.Y. 2014) ......................................................................................7

Ashcroft v. Iqbal,
    556 U.S. 662 (2009) ..................................................................................................... 4-5, 8,

Bell Atl. Corp. v. Twombly,
    550 U.S. 554 (2007) .................................................................................................. 4, 10 10

Colon v. Annucci,
    344 F. Supp. 3d 612 (S.D.N.Y. 2018) ....................................................................................7

Cuoco v. Moritsugu,
    222 F.3d 99 (2d Cir. 2000) .....................................................................................................8

De Jesus v. Sears Roebuck & Co.,
    87 F.3d 65, 70 (2d Cir. 1996) ..........................................................................................4, 10

DiFolco v. MSNBC Cable L.L.C.,
    622 F.3d 104 (2d Cir. 2010) ...................................................................................................4

Ex Parte Young,
    209 U.S. 123 (1908) ..........................................................................................................2, 10

Farmer v. Brennan,
    511 U.S. 825 (1994) ................................................................................................................6

Garcia v. State Univ. of N.Y. Health Scis. Ctr.,
    280 F.3d 98 (2d Cir. 2001) ...................................................................................................12

Hardy v. Diaz,
    No. 08-cv-1352, 2010 WL 1633379 (N.D.N.Y. Mar. 30, 2010) (Rep. &
    Recommendation), adopted by 2010 WL 1633390 (N.D.N.Y. Apr. 21, 2010) .......................8

Henrietta D. v. Bloomberg,
    331 F.3d 261 (2d Cir. 2003), cert. denied 541 U.S. 936 (2004) ...........................................11

Hogan v. Fischer,
    738 F.3d 509 (2d Cir. 2013) ...................................................................................................8

Jabot v. MHU Counselor Roszel,
    No. 14-cv-3951, 2016 WL 6996173 (S.D.N.Y. Nov. 29, 2016) ............................................9

Komloski v. N.Y.S. O.M.R.D.D.,
    64 F.3d 810 (2d Cir. 1995) ...................................................................................................5

Kreisler v. 2d Ave. Diner Corp.,
    731 F.3d 184 (2d Cir. 2013), cert. denied 575 U.S. 1115 (2014) .........................................12

L-7 Designs, Inc. v. Old Navy, LLC,
    647 F.3d 419 (2d Cir. 2011) ...............................................................................................4-6

Lowrance v. Coughlin,
    862 F. Supp. 1090 (S.D.N.Y. 1004) ....................................................................................10

Lujan v. Defenders of Wildlife,
    504 U.S. 555 (1992) .............................................................................................................12

Maccharulo v. Gold,
    643 F. Supp. 2d 587 (S.D.N.Y. 2009) .................................................................................12

Muhammad v. Annucci,
    No. 19-cv-3528, 2020 WL 264104 (S.D.N.Y. Jan. 17, 2020) (Rep. &
    Recommendation), adopted by 2020 WL 1303571 (S.D.N.Y. Mar. 19, 2020) ............... 12-13

Nielsen v. Rabin,
    746 F.3d 58 (2d Cir. 2014) ....................................................................................................5

Ortiz v. McBride,
    380 F.3d 649 (2d Cir. 2004), cert. denied 543 U.S. 1187 (2005) .........................................10

Owens v. Okure,
    488 U.S. 235 (1989) ...............................................................................................................8

Povoski v. Lacy,
    No. 14-cv-97, 2016 WL 908899 (N.D.N.Y. Feb. 8, 2016) (Rep. &
    Recommendation), adopted by 2016 WL 913254 (N.D.N.Y. Mar. 9, 2016) ........................10

Rodriguez v. City of New York,
    197 F.3d 611 (2d Cir. 1999), cert. denied 531 U.S. 864 (2000) ...........................................12

Roth v. Jennings,
    489 F.3d 499, 509 (2d Cir. 2007) ......................................................................................4, 6

Sides v. Paolano,
    782 F. App'x 49 (2d Cir. 2019) (summ. order) ......................................................................8

Shain v. Ellison,
    356 F.3d 211 (2d Cir. 2004) ................................................................................................13

Spavone v. N.Y.S. Dep't of Corr. Servs.,
 719 F.3d 127 (2d Cir. 2013) ..................................................................................................5

Tangretti v. Bachmann,
 983 F.3d 609 (2d Cir. 2020) ..............................................................................................6, 8

Tierney v. Davidson,
 133 F.3d 189 (2d Cir. 1998) ................................................................................................11

Will v. Mich. Dep't of State Police,
 491 U.S. 58 (1989)..................................................................................................................5

Willey v. Kirkpatrick,
 801 F.3d 51 (2d Cir. 2015) ..................................................................................................10

Williams v. Menifee,
 331 F. App'x 59 (2d Cir. 2009) (summ. order) .................................................................9

Wolff v. McDonnell,
 418 U.S. 539 (1974)..............................................................................................................10

Wright v. N.Y.S. Dep't of Corr.,
 831 F.3d 64 (2d Cir. 2016) .............................................................................................11-12

**CONSTITUTION**

Eighth Amendment..................................................................................................................1, 5

Eleventh Amendment ...................................................................................................... 1-2, 5, 10

**FEDERAL STATUTES**

29 U.S.C.
 § 794............................................................................................................................... 2, 11-12

42 U.S.C.
 § 1983 ................................................................................................................................ 1, 5, 11
 § 12131 ..................................................................................................................................2, 11

**RULES**

Federal Rules of Civil Procedure Rule 12(b)(6) .........................................................................4

Local Rules of the Southern and Eastern Districts of New York Rule 7.2................................3, 8

**PRELIMINARY STATEMENT**

Plaintiff Ozan Williams ("Plaintiff") brings this matter pursuant to 42 U.S.C. § 1983 against Defendants Superintendent Delta Barometre ("Barometre") and the New York State Department of Corrections and Community Supervision ("DOCCS") (collectively, "Defendants"). Plaintiff appears to bring this action pursuant to 42 U.S.C. § 1983 (see ECF 2[1] (hereinafter, "Compl.")). He alleges being denied adequate medical care for his hearing loss and has received disciplinary sanctions as a result of his inability to hear correctional staff orders due to faulty hearing aids. He seeks injunctive relief only. For the reasons set forth below, the Complaint must be dismissed.

First, Plaintiff's § 1983 claims against DOCCS are barred by the Eleventh Amendment. Second, the Complaint fails to state any § 1983 claim against Superintendent Barometre. Preliminarily, Plaintiff's allegations regarding acts that occurred more than three years ago are barred by the applicable statute of limitations. In any event, to the extent the pleading alleges an Eighth Amendment deliberate indifference to medical needs claim or conditions of confinement claim, the pleading fails to allege Superintendent Barometre's subjective mental state of any such claim because it contains no allegations that Superintendent Barometre acted or failed to act while actually aware of a substantial risk of serious harm to Plaintiff. Moreover, Plaintiff's reference to events that occurred more than three years before he filed his Complaint are barred by the applicable statute of limitations. In addition, to the extent Plaintiff seeks injunctive relief in the form of improved medical treatment for his hearing loss, there are no allegations that Barometre, as the Superintendent of Plaintiff's current correctional facility, has any control over this aspect of

---

[1] Plaintiff has not filed a complaint in this matter, but only a memorandum in support of his application for emergency injunctive relief, which the Court denied. (ECF 2, 9.) Defendants therefore construe Plaintiff's memorandum (ECF 2) as the operative pleading.

an inmate's medical care.

To the extent the pleading is construed to allege a due process claim, such a claim must be dismissed because the pleading fails to allege that Plaintiff was not provided advance written notice of the charges, an opportunity to call witnesses and present evidence, or the written disposition. Nor does Plaintiff's argument that his failures to comply with staff orders should have been excused because he did not hear those orders state a claim because the pleading conclusory allegations do not reasonably lead to the inference that he received insufficient process during his subsequent disciplinary hearings. Further, to the extent Plaintiff requests injunctive relief to expunge his disciplinary history, such relief is barred by the Eleventh Amendment and falls outside the purview of Ex Parte Young, 209 U.S. 123 (1908). There are no allegations that prison officials have already ordered the misbehavior reports at issue expunged and accordingly, the relief requested is retroactive in nature. Additionally, although not pleaded as such, to the extent any of Plaintiff's claims seek monetary relief, Superintendent Barometre is entitled to qualified immunity.

Third, to the extent Plaintiff seeks to raise a claim under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131, et seq. or Section 504 of the Rehabilitation Act ("RA"), 29 U.S.C. § 794, et seq., again, such claims fail. Preliminarily, the events that occurred more than three years prior are barred by the applicable statutes of limitation. Additionally, because the events all occurred at Sing Sing, there is no personal involvement of Superintendent of Otisville Barometre. Further, neither the ADA nor the RA provide for any individual capacity against Superintendent Barometre and, to the extent Plaintiff seeks to raise an official capacity claim, the pleading is devoid of any factual allegations to plausibly infer Barometre's discriminatory animus or ill will on the basis of plaintiff's disability. Finally, Plaintiff lacks Article III standing to bring any injunctive relief claim under these statutes.

Accordingly, Defendants respectfully request that the Complaint be dismissed with prejudice.

## RELEVANT BACKGROUND

Plaintiff's pleading was filed on September 17, 2020 (ECF 2). It is undated but the postage stamp on its envelope indicates that it was mailed on September 14, 2020 (ECF 2, at 43.[2]) Plaintiff alleges he is being denied adequate medical care for his hearing loss, which he alleges began following an incident that occurred in 2008 and which is incurable. (See Compl. at 1-2.[3]) Specifically, he alleges that he "has been seeking addressment and appointment of [a] specialist, a sufficient educated audiologist and frequent medical examinations" but that unidentified medical staff have failed to accommodate those requests. (Id. at 2.) Plaintiff further alleges that in 2015 and 2016, he filed grievances stating that his hearing aids were malfunctioning and/or needed repair, (see id. at 3, 5), and that his hearing aids continued to malfunction, (see id. at 3-5). He also alleges that in 2016, "facility medical staff refused to have the hearing aids repaired," (id. at 5), and that unidentified medical staff continue to do so, (see id. at 6-7).

Additionally, Plaintiff alleges that his faulty hearing aids prevented him from hearing orders given by correctional staff, which led to the issuance of misbehavior tickets and disciplinary sanctions at Sing Sing Correctional Facility in 2015, 2016, 2018, and 2019. (See id. at 3-5 and exhibits attached to pleading.) Plaintiff appears to seek equitable relief "to improve his medical condition of confinement," (id. at 6), by way of providing him with "immediate medical attention and constant monitoring), (id.; see id. at 7), apparently for his hearing.

---

[2] The Complaint is not paginated. Reference to page numbers are to those that appear on the Court's ECF system. A copy of the ECF-filed Complaint will be sent to Plaintiff. S.D.N.Y. Local R. 7.2.
[3] The 2008 incident alleged to have occurred did so prior to Plaintiff's 2013 admission into DOCCS' custody. (See N.Y.S. Dep't of Corr. & Comm. Supervision, "Inmate Lookup," DIN 13-A-5036, available at http://nysdoccslookup.doccs.ny.gov/ (last visited Feb. 19, 2021).

3

## STANDARD OF REVIEW

On a Rule 12(b)(6) motion to dismiss a complaint for failure to state a claim, courts "accept all factual allegations as true, and draw all reasonable inferences in the plaintiff's favor." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 110-11 (2d Cir. 2010) (quotation marks, citation and internal alterations omitted). After setting aside any legal conclusions and conclusory factual allegations in the complaint, which are given no weight, a court is to determine whether the remaining well-pled facts in the complaint set forth a claim for relief "that is plausible on its face." Id. at 111 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

To state a claim for relief that is facially plausible, an allegation must be "more than an unadorned, the defendant-unlawfully-harmed me accusation." Iqbal, 556 U.S. at 678. A claim will only have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Where a plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555. "A complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)." De Jesus v. Sears, Roebuck & Co., 87 F.3d 65, 70 (2d Cir. 1996) (quotation marks and citation omitted).

In deciding a motion to dismiss, the court may take judicial notice of public records "that are attached to the complaint or incorporated in it by reference," or which the plaintiff refers to and are integral to the pleading. Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007); see also L-7

4

Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 422 (2d Cir. 2011).

## ARGUMENT

### POINT I

### PLAINTIFF'S § 1983 CLAIMS AGAINST DOCCS MUST BE DISMISSED

It is well-established that State agencies have immunity from federal lawsuits under the Eleventh Amendment, which is not abrogated by 42 U.S.C. § 1983, regardless of the remedy sought. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 68-70 (1989). Applying this principle, in Komlosi v. N.Y.S. O.M.R.D.D., 64 F.3d 810, 815 (2d Cir. 1995), the Second Circuit held that a § 1983 plaintiff could not maintain a claim for injunctive relief against a State agency. Accordingly, any § 1983 claims against DOCCS must be dismissed.

### POINT II

### THE COMPLAINT FAILS TO STATE A § 1983 CLAIM AGAINST SUPERINTENDENT BAROMETRE

#### A. The Complaint Fails To Allege An Eighth Amendment Claim

To the extent the pleading alleges an Eighth Amendment deliberate indifference to medical needs claim or conditions of confinement claim, such claims must be dismissed.

To state a § 1983 claim, a plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676 (2009). To state a deliberate indifference or conditions of confinement claim, the pleading must allege both objective and subjective components. Subjectively, it must allege that "the charged official[ ] [was] subjectively reckless in their denial of medical care," Spavone v. N.Y.S. Dep't of Corr. Servs., 719 F.3d 127, 138 (2d Cir. 2013) (citation omitted), which is shown by alleging that a defendant "act[ed] or fail[ed] to act while actually aware of a substantial risk that serious inmate harm would result," Nielsen v. Rabin, 746 F.3d 58, 68 (2d Cir. 2014) (citation omitted); see also

5

Alster v. Goord, 745 F. Supp. 2d 317, 335 (S.D.N.Y. 2010) (same standard applies to inhumane conditions of confinement and deliberate indifference to medical needs claims). Recently, the Second Circuit has held that a plaintiff alleging deliberate indifference claims against a prison supervisor must establish the defendant's personal involvement by sufficiently alleging the subjective component of such a claim, that is, "the plaintiff must plead and prove that the supervisor had subjective knowledge of a substantial risk of serious harm to an inmate and disregarded it." Tangreti v. Bachmann, 983 F.3d 609, 616 (2d Cir. 2020) (citing Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

Here, the Complaint fails to allege the requisite subjective component of any § 1983 claim. Specifically, it contains no allegations that Superintendent Barometre acted or failed to act while actually aware of a substantial risk of serious harm to Plaintiff. The pleading itself contains no reference to Superintendent Barometre, or the Superintendent of Otisville Correctional Facility, at all. (See Compl. 1-8.) The exhibits attached to the Complaint, which this Court may take judicial notice of because they are attached to and relied upon in the pleading, L-7 Designs, 647 F.3d at 422; Roth, 489 F.3d at 509, further make clear that the events Plaintiff complains of occurred while he was incarcerated at Sing Sing Correctional Facility.

For instance, the exhibits attached to the Complaint at ECF pages 13-21 and 23 all describe events that occurred before Plaintiff entered DOCCS' custody. The document at ECF page 22 is from Plaintiff's incarceration at Downstate Correctional Facility. Documents attached to pages 24-40 are all from Plaintiff's incarceration at Sing Sing Correctional Facility. Further, the only misbehavior reports referenced in the Complaint or its attachments occurred while Plaintiff was at Sing Sing Correctional Facility. (See Compl. at 5-6, 34, 39-40.) Although the final two documents attached to the Complaint were sent to Plaintiff while he was at Otisville Correctional Facility in

6

2020, the documents reference misbehavior reports and related disciplinary hearings, which the Complaint plausibly allege arose only at Sing Sing Correctional Facility. (See id. at 41-42.) Moreover, while the May 13, 2020 letter from Deputy Commissioner McGrath was cc'd to Superintendent Barometre, the substance of the letter indicates that Plaintiff's requested relief—expungement of a misbehavior report—is not an issue that may be grieved through the Inmate Grievance Program, but instead must be raised on appeal of the disciplinary hearing decision. (Id. at 41.) There is no indication in the pleading that Plaintiff pursued the appropriate avenue to challenge this disciplinary determination (or even, for that matter, what it was). In any event, the exhibits attached to the Complaint, together with the allegations therein, simply fail to allege that Superintendent Barometre was aware of any serious risk that Plaintiff had been or would be injured from any malfunctioning hearing aids. There are no allegations that Plaintiff informed Superintendent Barometre, and no allegations that she was informed through others. Indeed, the May 13, 2020 letter from Deputy Commissioner McGrath does not state that Plaintiff's hearing aids were malfunctioning and, in any event, merely cc'ing the Superintendent is insufficient to establish the subjective component of the § 1983 claims. See, e.g., Colon v. Annucci, 344 F. Supp. 3d 612, 629-30 (S.D.N.Y. 2018) (merely cc'ing a supervisory prison official in correspondence insufficient to establish personal involvement in underlying alleged constitutional violation); Alvarado v. Westchester Cnty., 22 F. Supp. 3d 208, 215 (S.D.N.Y. 2014) (internal quotation marks and citation omitted) ("a defendant's mere receipt of a letter or grievance, without personally investigating or acting [thereon], is insufficient to establish personal involvement"). Moreover, there is no indication from this letter that Plaintiff would fail to follow the correct procedure for disputing his disciplinary violations. As such, Superintendent Barometre cannot be held liable for any failure to act upon the letter.

7

Further, Plaintiff's reference to events that occurred more than three years before he filed his Complaint are barred by the applicable statute of limitations. In New York State, the statute of limitations for claims arising under § 1983 is three years. Hogan v. Fischer, 738 F.3d 509, 517 (2d Cir. 2013); see also Owens v. Okure, 488 U.S. 235, 249-51 (1989). Here, although the Complaint does not indicate the date that it was given to prison authorities for mailing, it is date-stamped as having been mailed on September 14, 2020. See Sides v. Paolano, 782 F. App'x 49, 50 (2d Cir. 2019) (summ. order) ("Under the prison mailbox rule, a pro se prisoner's complaint is deemed filed upon its delivery to prison authorities for transmittal to the district court.").[4] Accordingly, the events alleged to have occurred before September 14, 2017—i.e., all of the non-conclusory allegations that medical staff refused to repair Plaintiff's hearing aids or provide him with functioning hearing aids, are untimely. Notably, Plaintiff's allegation that his "ear injury has been . . . an ongoing continued medical irreparable burden," and that unidentified medical staff have failed to provide him with care are vague and conclusory, (Compl. at 3), and accordingly insufficient to establish Barometre's liability, see Iqbal, 556 U.S. at 678; Tangretti, 983 F.3d at 618.

To the extent that Plaintiff seeks injunctive relief in the form of improved medical treatment for his hearing loss, there are no allegations that Barometre, as the Superintendent of Plaintiff's current correctional facility, has any control over this aspect of an inmate's medical care. See Cuoco v. Moritsugu, 222 F.3d 99, 111 (2d Cir. 2000); see also, e.g., Hardy . Diaz, No. 08-cv-1352, 2010 WL 1633379, at *7 (N.D.N.Y. Mar. 30, 2010) (Rep. & Recommendation) adopted by 2010 WL 1633390 (N.D.N.Y. Apr. 21, 2010) ("The Superintendent cannot be liable under Section 1983 for failure to supervise the prison medical staff, because he lacks the medical

---

[4] Unreported cases will be sent to Plaintiff. S.D.N.Y. Local R. 7.2.

8

training and authority to do so.").

### B. The Complaint Fails To Allege A Due Process Claim

Finally, to the extent Plaintiff attempts to raise a due process claim regarding the issuance of misbehavior reports and the refusal to expunge his disciplinary history, such a claim must be dismissed because the pleading fails to sufficient allege such a claim.

"'Because prison disciplinary proceedings are not part of a criminal prosecution, the full panoply of rights due a defendant is such proceedings does not apply.'" Jabot v. MHU Counselor Roszel, No. 14-cv-3951, 2016 WL 6996173, at *8 (S.D.N.Y. Nov. 29, 2016) (quoting Williams v. Menifee, 331 F. App'x 59, 60 (2d Cir. 2009) (summ. order)) (alterations omitted). The limited due process rights afforded in such proceedings consist of:

> (1) [A]dvance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in [the inmate's] defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

Id. (quoting Williams, 331 F. App'x at 60).

Here, the Complaint fails to plead sufficient allegations to support a due process claim with respect to the disciplinary hearings associated with the misbehavior reports Plaintiff received on November 3, 2016, October 20, 2018, March 2, 2019, June 4, 2019, or September 20, 2019. (See Compl. at 5-6, 27, 34, 39-40.[5]) In particular, the pleading does not allege that Plaintiff was not provided advance written notice of the charges, an opportunity to call witnesses and present evidence, or the written disposition.

Notably, Plaintiff does not allege that the disciplinary charges were false, but rather argues that his failures to comply with staff orders should have been excused because he did not hear

---

[5] The pleading does not attach a copy of the alleged September 20, 2019 misbehavior report that is referenced on page 5 of the Complaint.

those orders. Notwithstanding, Plaintiff has still not alleged a due process claim, as the Complaint fails to allege that he received insufficient process during his disciplinary hearings. See Willey v. Kirkpatrick, 801 F.3d 51, 63 (2d Cir. 2015); Ortiz v. McBride, 380 F.3d 649, 654 (2d Cir. 2004), cert. denied 543 U.S. 1187 (2005). Indeed, the only allegation regarding any of these disciplinary hearings conclusory states that the hearing officer failed to "take into consideration" Plaintiff's hearing difficulties. (Compl. at 3.) Without more, however, such allegations are insufficient to "nudge[ Plaintiff's] claim[ ] across the line from conceivable to plausible." Twombly, 550 U.S. at 570; see also Iqbal, 556 U.S. at 678; DeJesus, 87 F.3d at 70.

To the extent Plaintiff requests injunctive relief to expunge his disciplinary history, (see Compl. at 4), such relief is barred by the Eleventh Amendment because there are no allegations that prison officials have already ordered the misbehavior reports at issue expunged. As such, the relief requested is not prospective in nature, but rather a request to adjudicate a State official's prior actions, which falls outside the purview of Ex Parte Young, 209 U.S. at 160. See Povoski v. Lacy, No. 14-cv-97, 2016 WL 908899, at *8-9 (N.D.N.Y. Feb. 8, 2016) (Rep. & Recommendation) (citing Lowrance v. Coughlin, 862 F. Supp. 1090, 1097-98 (S.D.N.Y. 1994) and Wolff v. McDonnell, 418 U.S. 539, 573 (1974)), adopted by 2016 WL 913254 (N.D.N.Y. Mar. 9, 2016).

Accordingly, the claims must be dismissed.

### C. In Any Event, Superintendent Barometre Is Entitled To Qualified Immunity

In any event, Superintendent Barometre is entitled to qualified immunity to the extent the Complaint alleges any damages claim. "A qualified immunity defense is established if (a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action did not violate such law." Tierney v. Davidson, 133 F.3d 189, 196 (2d Cir. 1998) (internal quotation marks and citation omitted).

Here, because the Complaint is devoid of non-conclusory allegations concerning Barometre's actions, she cannot be said to have violated clearly established law. Further, for this reason, it was objectively reasonable for her to believe that she was not violating such law.

Accordingly, the § 1983 claims against Superintendent Barometre must be dismissed.

**POINT III**

**ANY ADA OR RA CLAIM MUST BE DISMISSED**

To the extent Plaintiff seeks to raise a claim under the ADA or RA on the ground that Defendants have allegedly discriminated against him on the basis of his hearing impairment by failing to expunge disciplinary records or provide him with working hearing aids, again, such claims must be dismissed.

Title II of the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity. 42 U.S.C. § 12132. To plead a violation by DOCCS under Title II, a plaintiff must sufficiently allege that "1) he is a qualified individual with a disability; 2) DOCCS is an entity subject to the acts; and 3) he was denied the opportunity to participate in or benefit from DOCCS' services, programs or activities or DOCCS otherwise discriminated against him by reason of his disability." Wright v. N.Y.S. Dep't of Corr., 831 F.3d 64, 72 (2d Cir. 2016) (citing Henrietta D. v. Bloomberg, 331 F.3d 261, 272 (2d Cir. 2003), cert. denied 541 U.S. 936 (2004)).

"Section 504 of the RA requires that '[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." Id. (quoting 29 U.S.C. § 794(a)). Because Title II and Section 504 "impose

identical requirements," courts "consider these claims in tandem." Rodriguez v. City of New York, 197 F.3d 611, 618 (2d Cir. 1999), cert. denied 531 U.S. 864 (2000); see also Garcia v. State Univ. of N.Y. Health Scis. Ctr., 280 F.3d 98, 112 (2d Cir. 2001).

Preliminarily, as discussed supra, the events that occurred prior to September 14, 2017 are barred by the applicable statutes of limitation. See Maccharulo v. Gold, 643 F. Supp. 2d 587, 592-93 (S.D.N.Y. 2009) (collecting cases and discussing statutes of limitations). Additionally, as discussed supra, the events all occurred at Sing Sing. Superintendent of Otisville, Barometre, was not involved in any of those events. Further, to the extent Plaintiff seeks to raise such a claim against Superintendent Barometre in her individual capacity, it is well-established that neither the ADA nor the RA support such a claim. Garcia, 280 F.3d at 107. To the extent Plaintiff seeks to raise such a claim against Superintendent Barometre in her official capacity, the pleading is devoid of any factual allegations to plausibly infer a "discriminatory animus or ill will" on the part of Barometre "based on plaintiff's disability." Id. at 111.

Plaintiff also lacks Article III standing to bring a claim for injunctive relief under the ADA or RA. "To have Article III standing, a plaintiff must show (1) an 'actual or imminent concrete injury, (2) a causal connection between the injury and the alleged violation, and (3) that it is 'likely' that the requested relief will redress the injury." Muhammad v. Annucci, No. 19-cv-3258, 2020 WL 264104, at *6 (S.D.N.Y. Jan. 17, 2020) (Rep & Recommendation), adopted by 2020 WL 1303571 (S.D.N.Y. Mar. 19, 2020) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)); see also Kreisler v. 2d Ave. Diner Corp., 731 F.3d 184, 187-88 (2d Cir. 2013), cert. denied 575 U.S. 1115 (2014). Accordingly, "a party seeking injunctive relief must show 'both a likelihood of future harm and the existence of an official policy or its equivalent.' Citing a past injury is not enough." Id. (quoting Shain v. Ellison, 356 F.3d 211, 215-16 (2d Cir. 2004)).

Here, the Complaint alleges neither. Plaintiff alleges only that he had non-working hearing aids at Sing Sing Correctional Facility and that this issue caused him difficulty in hearing staff's direct orders, which resulted in misbehavior reports at Sing Sing. However, Plaintiff is no longer incarcerated at Sing Sing and there are no allegations that he is likely to return there in the future. There are also no allegations that Plaintiff suffers the same hearing aid problems at Otisville Correctional Facility or that DOCCS has any kind of official policy depriving prisoners of working hearing aids or the ability to communicate with staff. Moreover, as discussed <u>supra</u>, there are no allegations that Plaintiff was precluded from introducing evidence of his hearing difficulties at his disciplinary hearings or that he was otherwise deprived of due process therein.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court grant their motion to dismiss the Complaint in its entirety and with prejudice.

Dated: Westchester County, NY
       March 1, 2021

Respectfully submitted,

LETITIA JAMES
Attorney General
State of New York

By:
<u>/s/ Deanna L. Collins</u>
Deanna L. Collins
Assistant Attorney General
28 Liberty Street - 18th Floor
New York, NY 10005
(212) 416-8906
Deanna.Collins@ag.ny.gov

13