UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
OZAN WILLIAMS,                         :

                                  :

                  Plaintiff,      :   Case No. 20-cv-7644 (KMK)

                                  :

        - against -            :   **ANSWER**

                                  :

DELTA BAROMETRE, Superintendent and the  :   **JURY TRIAL DEMANDED**
NEW YORK STATE DEPARTMENT OF        :
CORRECTIONS AND COMMUNITY         :
SUPERVISION,                    :

                                  :

                Defendants.   X
-------------------------------------------------------------

Defendant Delta Barometre by her attorney, LETITIA JAMES, Attorney General of the State of New York, respectfully submits her answer to Plaintiff's Complaint, filed September 17, 2020, as follows:

### PRELIMINARY STATEMENT

1.     Defendant denies that any response is required for paragraph one (1) under the subheading "PRELIMINARY STATEMENT" on Page 1[1] of the Complaint, which states conclusions of law.   To the extent that a response may be deemed required, Defendant denies the allegations that she had denied Plaintiff the assistance of the medical department on an ongoing basis and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph thereafter.

### STATEMENT OF FACTS

---

[1] Reference to any Complaint page numbers are references to the pages as they appear on the ECF Docket, *Dkt. No. 2*. Where possible, reference is also made to section headings identified on those pages or to identifying features of the subparagraphs found within a particular section, especially since Plaintiff's argument appears to be out of order (ECF p. 4 and p. 5 should be switched).  Unnumbered paragraphs are referred to herein by reference to their order under their respective subheadings.

2.     Defendant denies that any response is required for paragraph one (1) under the subheading "STATEMENT OF FACTS" on Page 2 of the Complaint, which states conclusions of law.  To the extent that a response may be deemed required, Defendant denies sufficient knowledge or information to form a response as to Plaintiff's medical care, but denies that a Temporary Restraining Order is appropriate in this matter.

3.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph two (2) under the subheading "STATEMENT OF FACTS" on Page 2 of the Complaint.

4.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph three (3),[2] except to the extent of the following: Defendant admits that Plaintiff's grievance was denied on or about May 2, 2016;  admits a misbehavior report was filed against Plaintiff on or about November 3, 2016, but denies the allegation that this report was issued solely based on the plaintiff's inability to properly hear;  admits the allegations to the extent there was a misbehavior report filed against Plaintiff in 2018, but denies the allegation that this report was "based upon the plaintiff malfunctioning hearing aids and the misinterpreted permission given to be in the law library"; admits the allegation that Plaintiff filed a grievance on or around March 3, 2017; admits the allegation that a misbehavior report was filed against Plaintiff on or around March 2, 2019; admits the allegation that a misbehavior report was filed against Plaintiff in 2019 but denies the allegation that the misbehavior report was irrelevant "without the aid of the hearing officer"; and admits the allegation that DOCCS personnel issued correspondence to Plaintiff on May 4, 2020 and May 13, 2020, but denies the allegation that defendant

---

[2] Please note paragraph three (3) of Plaintiff's complaint begins on page three (3), continues onto page five (5), and concludes onto page four (4).

"disregard[ed] his non-fault disability."

## **ARGUMENT**

5.      Defendant denies that any response is required for the first two paragraphs on Page 6 of the Complaint under the subheading Argument, which state conclusions of law, except deny that Plaintiff is entitled to any relief.

6.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph numbered one (1), except deny that Plaintiff is entitled to any relief.

7.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph numbered two (2).

8.      Defendant denies that a response is required for the allegations contained in the paragraph numbered three (3).

9.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs between those numbered three (3) and numbered four (4).

10.     Defendant denies the allegations contained in the paragraph numbered four (4).

11.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph numbered five (5), except denies that Plaintiff is entitled to any relief from Defendant.

12.     Defendant denies the allegations contained in the paragraph numbered six (6).

13.     Defendant denies sufficient knowledge or information to form a belief to respond to the allegations contained in the paragraph numbered seven (7) except deny that Plaintiff is entitled to any relief from Defendant.

3

14.     Defendant denies the allegations contained in the paragraph numbered eight (8).

## CONCLUSION

15.     Defendant denies that any response is required for paragraph one (1) under the subheading "CONCLUSION" on Page 8 of the Complaint.  To the extent that a response may be deemed required, Defendant denies that Plaintiff is entitled to any relief from Defendant.

## DEFENSES

### FIRST DEFENSE

16.     The Complaint fails to state a claim or allege sufficient facts upon which relief can be granted.

### SECOND DEFENSE

17.     Defendant's conduct did not violate clearly established federal law or it was objectively reasonable for persons in the Defendant's position to believe at the time of the Defendant's actions that her conduct violated such clearly established law. Therefore, Defendant is entitled to qualified immunity from suit for the actions of which Plaintiff complains.

### THIRD DEFENSE

18.     Any injuries and/or damages allegedly sustained by Plaintiff were caused by, contributed to, and/or solely and exclusively the result of Plaintiff's own conduct.

### FOURTH DEFENSE

19.     Plaintiff may have failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act, before filing this lawsuit.

### FIFTH DEFENSE

20.     To the extent that Plaintiff attempts to sue the Defendant in his official capacities, such claims are barred by the Eleventh Amendment.

4

**SIXTH DEFENSE**

21.     Any state law claims, to the extent raised herein, are barred by New York Correction Law § 24.

**SEVENTH DEFENSE**

22.     Plaintiff failed to mitigate his damages, if any.

**NINTH DEFENSE**

23.     To the extent that Plaintiff claims separate injuries that occurred three years prior to the filing of the Complaint, these claims are barred by the applicable statutes of limitations.

**JURY TRIAL DEMANDED**

24.     Defendants demand a jury trial.


**WHEREFORE**, Defendant respectfully requests that this Court dismiss the Complaint in its entirety and grant such further relief as the Court deems just and proper.

Dated: New York, NY
      May 27, 2022

                                    LETITIA JAMES
                                    Attorney General
                                    State of New York
                                    *Attorney for Defendant Barometre*
                                    By:
                                    *S/ Andrew Blancato*
                                    Andrew Blancato
                                    Assistant Attorney General
                                    28 Liberty Street
                                    New York, New York 10005
                                    (212) 416-6359
                                    Andrew.Blancato@ag.ny.gov

To:     Ozan Williams
          DIN 13A5036
          Otisville Correctional Facility
          57 Sanitorium Road
          PO Box 8
          Otisville, NY 10963
          *By First Class Mail*